**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHRISTINA LEWIS, Individually and on Behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>       v.<br><br>YRC WORLDWIDE INC., JAMES L. WELCH, JAMIE G. PIERSON, and STEPHANIE D. FISHER,<br><br>          Defendants. | Civ. A. No. 1:19-cv-00001-GTS-ATB |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CITY OF WARWICK RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES .................................................................................................................. ii

I.      INTRODUCTION ........................................................................................................... 1

II.     SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND ...................... 2

III.    ARGUMENT ................................................................................................................... 5

        A.    The PLSRA Standard for Appointing Lead Plaintiff ................................................. 5

        B.    Warwick Is the "Most Adequate Plaintiff" under the Exchange Act ........................ 6

              1.    Warwick Has Satisfied the PSLRA's Procedural Requirements ...................... 6

              2.    Warwick Has the Largest Financial Interest in the Relief Sought by
                    the Class ............................................................................................................ 6

        C.    Warwick Is Qualified Under Rule 23 ....................................................................... 7

              1.    Warwick's Claims Are Typical of the Claims of the Class ............................. 8

              2.    Warwick Will Fairly and Adequately Represent the Class' Interests ............... 9

              3.    This Court Should Approve Warwick's Choice of Counsel ............................ 10

IV.     CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

### <u>Cases</u>

*Chilton v. Chiumento Grp.*,
   365 F. App'x 298 (2d Cir. 2010) ............................................................................... 7

*In re Bausch & Lomb Inc. Sec. Litig.*,
   244 F.R.D. 169 (W.D.N.Y. 2007) .............................................................................. 8

*In re Bausch & Lomb Inc. Sec. Litig.*,
   2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) ........................................................... 8

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
   2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ..................................................... 7, 8, 10

*In re Drexel Burnham Lambert*,
   960 F.2d 285 (2d Cir. 1992) ...................................................................................... 9

*Indergit v. Rite Aid Corp.*,
   293 F.R.D. 632 (S.D.N.Y. 2013) ............................................................................... 9

*Logan v. QRx Pharma Ltd.*,
   2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015) ........................................................... 8

### <u>Rules</u>

Fed. R. Civ. P. 23 ............................................................................................. *passim*

SEC Rule 10b-5 .......................................................................................................... 1

Putative class member City of Warwick Retirement Fund ("Warwick"), by counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) appointing Warwick as Lead Plaintiff in the above-captioned action; (ii) approving Warwick's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iii) granting such other and further relief as the Court may deem just and proper.

Warwick believes that it has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff and that its choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.   INTRODUCTION

Presently pending in this District is a securities class action brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against YRC Worldwide Inc. ("YRC" or the "Company"), James L. Welch, Jamie G. Pierson, and Stephanie D. Fisher (the "Defendants"), for violations of federal securities laws on behalf of all persons and entities who purchased or otherwise acquired the publicly traded securities of YRC from March 10, 2014 and December 14, 2018, both dates inclusive (the "Class Period").

Pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(B)(i).  Warwick believes it is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure.  Warwick also respectfully requests that the Court

approve Kaplan Fox as Lead Counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.    SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND

On January 2, 2019, the above-captioned action was filed alleging violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of purchasers of YRC securities during the Class Period (the "Action").  The same day, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the Action was published to class members on *Business Wire* (the "Notice") advising purchasers of YRC securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.  *See* Declaration of Jeffrey P. Campisi in Support of the City of Warwick Retirement Fund's Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel ("Campisi Decl."), Ex. A attached thereto.  The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days.  Accordingly, Warwick now moves this Court to be appointed as Lead Plaintiff.

As alleged in the Action, Defendant YRC provides various transportation services primarily in North America.  (Compl. ¶ 7).[1]  It operates as a holding company with two reporting segments: YRC Freight (longer haul trucking) and Regional Transportation (regional and next-day delivery markets). *Id.*  The Company is incorporated in Delaware and has facilities throughout the United States, including Albany, New York. The Company's securities are traded on the NASDAQ under the ticker symbol "YRCW."  *Id.*

The Complaint alleges that during the Class Period Defendants made materially false and misleading representations because they failed to disclose the certain adverse facts pertaining to

---

[1]    "Compl., ¶ __" refers to complaint filed the Action.  ECF No. 1.

the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. *Id.* ¶¶ 16-26. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) from 2005 to at least 2013, YRC's units systematically overcharged the federal government for freight carrier services; (2) this alleged misconduct caused the Department of Defense to overpay by millions of dollars for shipments that were lighter, and thus cheaper, than the weights for which the government was charged; (3) consequently, this alleged misconduct would subject YRC to enhanced government scrutiny and liabilities, including potentially owing treble damages under the False Claims Act; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.* ¶ 26.

The Complaint further alleges that on December 14, 2018, the Department of Justice issued a press release stating that it had filed a complaint against YRC entities for "systematically overcharg[ing] the government for freight carrier services and ma[king] false statements to the government that hid their misconduct[.]" *Id.* ¶ 27. The release stated, in relevant part:

United States Sues Freight Companies for Systematic Overcharging of Shipments

The United States has filed a complaint in the Western District of New York against YRC Freight Inc., (YRC); Roadway Express Inc. (Roadway); and Yellow Transportation Inc. (Yellow), alleging that these companies systematically overcharged the government for freight carrier services and made false statements to the government that hid their misconduct, the Justice Department announced today.

The United States filed this lawsuit in U.S. District Court in Buffalo, New York. The United States alleges that, for more than seven years, the defendants defrauded the Department of Defense by millions of dollars for shipments that were actually lighter, and thus cheaper, than the weights for which the defendants charged the government. The United States further alleges that the defendants knowingly made or used false statements concealing their overcharging practices to the Department of Defense.

"Those who do business with the government must do so fairly and honestly," said Assistant Attorney General Jody Hunt of the Department of Justice's Civil Division. "Knowingly overcharging the government is an affront to American taxpayers, and the Department of Justice will seek to ensure that those who engage in such misconduct are held accountable."

Specifically, the United States' lawsuit alleges that the defendants reweighed thousands of shipments and suppressed the results whenever they indicated that a shipment was actually lighter than its original estimated weight. Thus, instead of charging the Department of Defense for shipments based on the correct weight, the defendants knowingly billed the government (and their other customers) based on weights that they knew to be inflated. The defendants also allegedly made false statements to induce the Department of Defense to use them as freight carriers and further knowingly made or used false statements to improperly avoid their obligations to correct inflated invoices and return overpayments.

The original lawsuit in this case was filed by James Hannum under the qui tam, or whistleblower, provisions of the False Claims Act. Under the act, private citizens can bring suit on behalf of the United States for false claims and share in any recovery. The act permits the government to intervene in such lawsuits, as it has done here. Those who violate the act are subject to treble damages and civil penalties.

*Id. ¶* 27.

That same day, the *Wall Street Journal* reported on the United States' lawsuit against YRC's units over military shipments from 2005 to at least 2013, stating in relevant part: The Justice Department is suing a major U.S. freight carrier, alleging that trucking units of YRC Worldwide Inc. overcharged the Pentagon millions of dollars for shipping over several years. The department said in the lawsuit filed earlier this week that YRC Freight Inc., Roadway Express Inc. and Yellow Transportation Inc. made false statements to the government and defrauded the Department of Defense by inflating weight measurements on bills. For more than seven years, from 2005 to at least 2013, workers for the companies reweighed thousands of shipments and didn't disclose the results when those weights came in under the original estimate, the lawsuit alleges . . . YRC Worldwide's shares tumbled more than 28.4% in trading Friday, to $3.17 a share."

4

*Id.* ¶ 28.  On this news, shares of YRC declined $1.26 per share or over 28% to close at $3.17 per share on December 14, 2018.  *Id.* ¶ 29.

## III.   ARGUMENT

### A.   The PLSRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.    Warwick Is the "Most Adequate Plaintiff" under the Exchange Act

Warwick respectfully submits that it is the "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. In addition, Warwick has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class, and has losses of approximately $127,938. *See* Campisi Decl., Exs. B and C attached thereto. Finally, Warwick has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. D (Kaplan Fox Firm Resume). Accordingly, Warwick satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

### 1.    Warwick Has Satisfied the PSLRA's Procedural Requirements

The Action was filed on January 2, 2019 and Notice was published over *Business Wire* national wire service the same day. *See id.*, Ex. A. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on March 4, 2019. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Warwick timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 2.    Warwick Has the Largest Financial Interest in the Relief Sought by the Class

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most

adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010).  Here, Warwick suffered substantial losses as a result of purchasing shares of YRC securities at artificially inflated prices during the Class Period.  *See* Campisi Decl., Ex. C.  Warwick is not aware of any other movant with a larger financial interest and believes it has the largest financial interest of any lead plaintiff movant. Therefore, Warwick believes it is presumptively entitled to appointment as the Lead Plaintiff.

### C.    Warwick Is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives.  *See In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16cv03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (citation omitted); *Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299–300 (The Rule 23 requirements applicable on a motion for appointment as lead plaintiff are typicality and

adequacy).  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, Warwick satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff for the Action.

### 1.    Warwick's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct.  *See, e.g.*, *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2016 WL 5867497, at \*5 ("The typicality requirement is satisfied if each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (internal citations omitted); *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 174 (W.D.N.Y. 2007), *opinion modified*, No. 06-CV-6294T, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) (same).

The claims asserted by Warwick are based on the same legal theory and arise out of the same course of events as the other purported class members' claims.  Warwick purchased shares of YRC securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby.  *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at \*3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose).   Thus, Warwick satisfies the typicality requirement of Rule 23(a).

### 2.      Warwick Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  A lead plaintiff is adequate where it has retained counsel that is "qualified, experienced and generally able to conduct the litigation" and does not have interests that are "antagonistic" to the class that it seeks to represent. *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 654 (S.D.N.Y. 2013) (citing *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992)).  Here, Warwick's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Warwick's interests and those of the class.  As detailed above, Warwick's claims raise similar questions of law and fact as claims of the members of the class, and Warwick's claims are typical of the members of the class.

Further, Warwick has demonstrated its adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in the Certification of Alfred T. Marciano, Chairman of the City of Warwick Retirement Board, and it has losses of approximately $127,938. *See* Campisi Decl., Exs. B and C.  Having suffered substantial losses, Warwick will be a zealous advocate on behalf of the class.  In addition, Warwick has selected Kaplan Fox – counsel highly experienced in prosecuting securities class actions – to represent it. *See* Campisi Decl., Ex. D. Thus, the close alignment of interests between Warwick and other class members, and Warwick's strong desire to prosecute the Action on behalf of the class, provide ample reason to grant Warwick's motion for appointment as Lead Plaintiff in the Action.  Accordingly, Warwick satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### 3.      This Court Should Approve Warwick's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2016 WL 5867497, at \*5 ("There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'") (citations omitted).  Warwick has retained Kaplan Fox to file moving papers on behalf of Warwick seeking appointment as Lead Plaintiff and serve as lead counsel to pursue this litigation on behalf of itself and the class.  Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Campisi Decl., Ex. D.  Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For all of the foregoing reasons, Warwick respectfully requests that the Court: (1) appoint Warwick as Lead Plaintiff; (2) approve Warwick's selection of Kaplan Fox as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  March 4, 2019                              Respectfully submitted,

*/s/ Jeffrey P. Campisi*

Jeffrey P. Campisi
  (Bar Roll Number: 700753)
Donald R. Hall (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: dhall@kaplanfox.com
         jcampisi@kaplanfox.com

*Attorneys for Movant City of Warwick
Retirement Fund*

11

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on March 4, 2019, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

/s/ Jeffrey P. Campisi

Jeffrey P. Campisi
(Bar Roll Number: 700753)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: jcampisi@kaplanfox.com