**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YRC WORLDWIDE INC., JAMES L. WELCH, JAMIE G. PIERSON, and STEPHANIE D. FISHER,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.: 1:19-cv-00001-GTS-ATB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF YRC INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT...................................................................................................................................3

      A.      THE YRC INVESTOR GROUP SHOULD BE APPOINTED LEAD
            PLAINTIFF.......................................................................................................................3

            1.      The YRC Investor Group is Willing to Serve as Class
                   Representative..............................................................................................4

            2.      The YRC Investor Group Has the "Largest Financial Interest" ..................4

            3.      The YRC Investor Group Otherwise Satisfies the Requirements of
                   Rule 23 of the Federal Rules of Civil Procedure .......................................5

            4.      The YRC Investor Group Will Fairly and Adequately Represent
                   the Interests of the Class and is Not Subject to Unique Defenses ..............8

      B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
            APPROVED .......................................................................................................................8

CONCLUSION................................................................................................................................9

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D. N.J. 2003)..................................................................................................8

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................................................10

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) ........................................................................................................10

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................................6

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)..................................................................................................9, 10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................5

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)..................................................................................................9

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997)................................................................................................9

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ............................................................................................9

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ...............................................................................................9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..............................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).............................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................................................5

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) .........................................................................................8, 9

ii

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................9

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ..............................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004).................................................................................8

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)............................................8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990).....................................................................................5

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................8

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993).......................................................................................5

*Osher v. Guess ?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................11

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)..................................................................................10

## <u>Statutes</u>

15 U.S.C. § 78u-4, *et seq* ........................................................................................ *passim*

## <u>Rules</u>

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ...................................................................1, 5

Movants Sam Reynolds, Peter Szabo, Robert Hart, Robert Paradis and Rafael Gonzalez (collectively, the "YRC Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for the entry of an Order:  (1) appointing the YRC Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the publicly traded securities of YRC Worldwide Inc. ("YRC" or the "Company") from March 10, 2014 through December 14, 2018, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The YRC Investor Group, with losses of approximately $401,414 on a First-In-First-Out ("FIFO") basis, and $392,965 on a Last-In-First-Out ("LIFO") basis in connection with its purchases of YRC securities, has the largest financial interest in the relief sought in this action.  The YRC Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.  Accordingly, the YRC Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

## STATEMENT OF FACTS

YRC provides various transportation services primarily in North America. It operates as a holding company with two reporting segments: YRC Freight (longer haul trucking) and Regional Transportation (regional and next-day delivery markets). The Company is incorporated in Delaware and has facilities throughout the United States, including Albany, New York. The Company's securities are traded on the NASDAQ under the ticker symbol "YRCW."

Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) from 2005 to at least 2013, YRC's units systematically overcharged the federal government for freight carrier services; (2) this alleged misconduct caused the Department of Defense to overpay by millions of dollars for shipments that were lighter, and thus cheaper, than the weights for which the government was charged; (3) consequently, this alleged misconduct would subject YRC to enhanced government scrutiny and liabilities, including potentially owing treble damages under the False Claims Act; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

On December 14, 2018, the Department of Justice issued a press release stating that it had filed a complaint against YRC entities for "systematically overcharg[ing] the government for freight carrier services and ma[king] false statements to the government that hid their misconduct[.]" That same day, *The Wall Street Journal* reported on the United States' lawsuit against YRC's units over military shipments from 2005 to at least 2013.

On this news, shares of YRC fell $1.26 per share or over 28% to close at $3.17 per share on December 14, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the YRC Investor Group and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.  THE YRC INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The YRC Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3

As set forth below, the YRC Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The YRC Investor Group is Willing to Serve as Class Representative

On January 2, 2019, counsel for plaintiff in the above-captioned action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants herein, and advised investors of YRC securities that they had 60 days—*i.e.*, until March 4, 2019—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion of YRC Investor Group Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

The YRC Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, the YRC Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The YRC Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the YRC Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number

4

of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at \*39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the YRC Investor Group: (1) purchased 336,002 shares of YRC securities; (2) expended $3,808,532 on its purchases of YRC securities; (3) retained 80,437 of its YRC shares; and (4) as a result of the disclosures of the fraud, suffered a loss of approximately $401,414 on a FIFO basis, and $392,965 on a LIFO basis in connection with its transactions in YRC securities.  *See* Lieberman Decl., Ex. C.  Because the YRC Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   The YRC Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large."  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class."  *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the YRC Investor Group are typical of those of the Class.  The YRC Investor Group alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material

6

facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading.  The YRC Investor Group, as did all members of the Class, purchased YRC securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The YRC Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the YRC Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the YRC Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

7

### 4.    The YRC Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the YRC Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the YRC Investor Group to fairly and adequately represent the Class has been discussed above.  The YRC Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the YRC Investor Group should be appointed Lead Plaintiff for the Class.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the YRC Investor Group has selected Pomerantz and GPM as Co-Lead Counsel for the Class.  Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes.  *See* Lieberman Decl., Exs. D and E. As a result of the firms' extensive experience in litigation involving issues similar to those

8

raised in this action, the YRC Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the YRC Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the YRC Investor Group respectfully requests that the Court issue an Order: (1) appointing the YRC Investor Group as Lead Plaintiff for the Class; (2) approving Pomerantz and GPM as Co-Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   March 4, 2019

Respectfully submitted,

*/s/ Samuel J. Adams*
**POMERANTZ LLP**
Samuel J. Adams
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  sjadams@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lesley Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

9

Telephone:  310-201-9150
Facsimile:    310-201-9160
Email: lportnoy@glancylaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Additional Counsel*

10