**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We submit this Joint Declaration in support of our motion for appointment of the YRC Investor Group as Lead Plaintiff and approval of our selection of counsel in the instant class action on behalf of investors in the securities of YRC Worldwide Inc. ("YRC" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration.

2.     I, Sam Reynolds, live in Chicago, Illinois. I completed high school. I currently invest on my own behalf as my primary occupation. I have been investing for 10 years. The loss I suffered in YRC stock is material and important to me.

3.     I, Peter Szabo, live in Phoenix, Arizona. I received a degree in engineering from university in Romania. I work in the trucking industry. I have been investing for 10 years. The loss I suffered in YRC stock is material and important to me.

4.     I, Robert Hart, live in Toronto, Canada. I completed high school. I received a Certificate for Healthcare Aid and work as a Personal Support Worker. I have been investing for approximately 9 years. The loss I suffered in YRC stock is material and important to me.

5.     I, Robert Paradis, live in Montreal, Canada. I earned a Diploma of Collegial Studies in Pure Science and Human Sciences (DEC), and a Bachelor's degree and Master's degree in Theology from the University of Montreal. I am currently a Catholic Priest. I have been investing for 7 years. The loss I suffered in YRC stock is material and important to me.

1

6.    I, Rafael Gonzalez, live in Los Angeles County, California. I am a Certified Public Accountant. I am currently employed as a Tax Manager of a CPA accounting firm. I have been investing for 20 years.  The loss I suffered in YRC stock is material and important to me.

7.    Prior to making our Lead Plaintiff Motion: (a) we were aware of each other and approved to move as Lead Plaintiff with each other as a group; (b) we approved Glancy Prongay & Murray LLP ("GPM") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel, with The Rosen Law Firm, P.A. ("Rosen") to serve as additional counsel; (c) we were aware of the responsibilities and duties of being a Lead Plaintiff; (d) we had a group email list and contact information of each other and counsel and a toll-free conference call number for communications relating to the case; and  (e) we variously communicated with selected counsel about our lead plaintiff motion, the functioning and communication of our proposed group, case strategies, and the next steps in the case.

8.    The members of the YRC Investor Group believe that the securities class action against YRC is meritorious and should be led by investors that are committed to maximizing the recovery on behalf of the class.  Moreover, the group's members recognize that they are like-minded investors who suffered substantial losses in their investments in YRC securities.  It is for these reasons that the members of the YRC Investor Group decided to seek joint appointment as Lead Plaintiff in the action.

9.    We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.  In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses one vote.  We recognize that even in the event of

2

such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

10. In furtherance of our responsibilities as Lead Plaintiff, we have communicated with each other and our chosen Co-Lead counsel, GPM and Pomerantz, in emails and on conference calls discussing, among other things: the strength of the claims against Defendants; a strategy for prosecuting these actions; the benefits that the Class would receive from the leadership of co-lead plaintiffs; our shared desire to achieve the best possible result for the Class; our interests in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure that the Class's claims will be zealously and efficiently litigated.

11. The members of the YRC Investor Group also understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently. The YRC Investor Group has fulfilled this responsibility by selecting and retaining Co-Lead Counsel with a proven history of handling this type of complex litigation. In this case, the YRC Investor Group has selected Pomerantz and and GPM to serve as Co-Lead Counsel. Based on both firms' experience in achieving substantial recoveries in securities class actions, the YRC Investor Group's members agree that Pomerantz and GPM are well-qualified to represent the class. Moreover, Pomerantz and GPM have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the class. The YRC Investor Group will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

12.    We are aware that a Joint Declaration was previously filed with the Court on behalf of the YRC Investor Group, erroneously stating that we had designated Pomerantz and Rosen, rather than Pomerantz and GPM, as our proposed Co-Lead Counsel for the class.  This misstatement merely reflects a scrivener's error.  At all relevant times both prior to and after the filing of our motion Pomerantz and GPM have been our selection of Co-Lead Counsel.  As previously stated herein, we have likewise been aware of Rosen's role in this litigation as additional counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on ___3/28/2019___.

DocuSigned by:

*Sam Reynolds*

8B9DAA9F5EDE43F...

Sam Reynolds

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

3/28/2019 | 3:41 PM EDT

Executed on _____.

DocuSigned by:

23B638FCEFFB4E1...

Peter Szabo

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on _____.    3/29/2019 | 11:25 AM EDT

DocuSigned by:

*Robert Hart*

98E394B810FA4A2... _____

Robert Hart

7

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

3/28/2019 | 1:25 PM EDT

Executed on _____.

DocuSigned by:

*Robert Paradis*

13F046331B324E0...

_____

Robert Paradis

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on 3/29/2019 _____.

DocuSigned by:

*Rafael Gonzalez*

93D45A3A29DE4F9...

Rafael Gonzalez