Proskauer Rose LLP   1001 Pennsylvania Avenue, NW Suite 600 South   Washington, DC 20004-2533

May 15, 2019

**Filed and Served via ECF**

The Honorable Andrew T. Baxter
U.S. Magistrate Judge for the
   Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY  13261-7396

      Re:    *Lewis v. YRC Worldwide Inc., et. al*, Case No. 1:19-cv-00001 (GTS/ATB)

Dear Magistrate Judge Baxter:

In connection with Lead Plaintiffs' request for a conference under Local Rules of Practice 7.1(b)(2) regarding their anticipated motion to partially lift the stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), defendants request that the Court consider the following:

1.    Defendants intend to file a motion to dismiss Lead Plaintiffs' amended complaint (which has not yet been filed) consistent with the Court's May 8, 2019 text scheduling order (Docket # 61).

2.    15 U.S.C. § 78u-4(b)(3)(B) unequivocally mandates that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ."

3.    In enacting this proscription, Congress was clear that "[t]hese stay of discovery provisions are intended to prevent unnecessary imposition of discovery costs on defendants."  H.R. REP. NO. 104-369, at 32 (1995) (Conf. Rep.).

4.    Courts that have addressed this issue have refused to lift PSLRA-imposed discovery stays.  *See 380544 Canada Inc. v. Aspen Technology Inc.*, 2007 WL 2049738 (S.D.N.Y July 18, 2007); *In re Smith Barney Transfer Agent Litigation*, 2006 WL 1738078 (S.D.N.Y June 25, 2006).

5.    Lead Plaintiffs' complaint turns on a drop in YRC's stock price allegedly arising out of YRC's failure to disclose past practices respecting its controls over its revenue recognition processes.  The Department of Justice complaint, in contrast, seeks redress based upon allegations of noncompliance by YRC with terms of a series of complex government contracts.  This difference in claims raises questions respecting the relevance of the Lead Plaintiffs' demands of documents provided to the Department of Justice (including the imposition of burdens on the defendants (which have been specifically proscribed by the Congress)).  *See In re Sunrise Senior Living, Inc.*, 584 F. Supp. 2d 14, 16 (D.D.C 2008).

May 15, 2019
Page 2

6.     Lead Plaintiffs' assertion that discovery of the requested materials is "necessary to prevent undue prejudice to the proposed class, will aid in preserving evidence, and that there is little-to-no burden on defendants to produce these documents" has no basis in fact.

Defendants stand ready to participate in the conference requested by Lead Plaintiffs and reserve their right to further address the substance of Lead Plaintiffs' anticipated motion during that conference with the Court and in response to any motion Lead Plaintiffs make addressing this issue.

Respectively submitted,

_____/s/_____

Ralph C. Ferrara

CC:  Counsel of Record (via ECF)