EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,** | No. 1:19-cv-00001-GTS-ATB |
| **Plaintiff,** | |
| **v.** | |
| **YRC WORLDWIDE INC.,** *et al.*, | |
| **Defendants.** | |

**[PROPOSED] JUDGMENT**

Consistent with the terms of the Order Approving Class-Action Settlement entered on

_____ __, 2021 (the "Approval Order), the settlement of this class action on the terms set

forth in the parties' Stipulation of Settlement dated as of April 12, 2021, including all exhibits

(collectively, the "Settlement Agreement"), is approved as fair, reasonable, and adequate, and

consistent with and in compliance with all applicable requirements of the Federal Rules of Civil

Procedure, the United States Constitution (including the Due Process Clause), the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other

applicable law, and in the best interests of the Class Members.  Unless otherwise defined in this

Judgment, the capitalized terms in the Judgment have the same meaning as in the Settlement

Agreement.

1.     The Court finally certifies the following Class for settlement purposes pursuant to

Fed. R. Civ. P. 23:  all persons and entities who purchased or otherwise acquired YRC Securities

during the period from March 10, 2014 through December 14, 2018, and who were damaged

thereby.  Excluded from the Class are:

a.     such persons or entities who submitted valid and timely requests for

exclusion from the Class;

b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c. YRC and (*i*) all officers and directors of YRC during the Class Period (including James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins), (*ii*) YRC's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which YRC or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

2. The Postcard Notice, Long-Form Notice, Claim Form, Summary Notice, and notice methodology implemented pursuant to the Court's Preliminary Approval Order entered _____, 2021 (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed Settlement, and their right to exclude themselves from the Class, and Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

3. The claims in the Action are dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Approval Order, without costs to any party except as provided therein.

4. The release, permanent injunction, PSLRA Contribution Bar, and Complete Bar as set out in the Approval Order shall be effective as to all persons and entities identified in them.

5. Neither the Approval Order nor this Judgment applies to the persons or entities who submitted timely and valid exclusion requests and are named on the list annexed as Exhibit 1.

6. Without affecting the extent to which this Judgment and the Approval Order are final for purposes of any appeals, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Judgment, and the Approval Order, and for any other reasonably necessary purposes.

7. JUDGMENT in this Action is hereby entered in accordance with Federal Rule of Civil Procedure 58 this ___ day of _____, 2021.  The Clerk of Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

_____
The Honorable Glenn T. Suddaby
Chief United States District Judge