## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,** | No. 1-19-cv-00001-GTS-ATB |
| **Plaintiff,** | |
| **v.** | |
| **YRC WORLDWIDE INC.,** *et al.*, | |
| **Defendants.** | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION FOR
## <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>

Daniel J. French
David G. Burch, Jr.
Barclay Damon LLP
125 East Jefferson Street
Syracuse, NY  13202
Tel:  (315) 425-2788
Fax:  (315) 425-8588

Ralph C. Ferrara (*pro hac vice*)
Ann M. Ashton (*pro hac vice*)
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 416-6800
Fax:  (202) 416-6899

Jonathan E. Richman (*pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Counsel for Defendants

April 16, 2021

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ......................................................................................1

I.      RISKS OF ESTABLISHING LIABILITY AND DAMAGES ...........................................3

      A.      No Company-Wide "Overcharge Scheme" During the Class Period......................4

      B.      No Materially False Statements or Omissions.........................................................5

      C.      No Strong Inference of Scienter ..............................................................................6

      D.      No Control-Person Liability .....................................................................................7

CONCLUSION.............................................................................................................8

## PRELIMINARY STATEMENT

This case is a putative securities class action brought on behalf of purchasers of publicly traded securities issued by a transportation-services company formerly known as YRC Worldwide Inc. ("YRC").[1]  The case arose from YRC's alleged violations of the federal False Claims Act (the "FCA") and other laws.

Lead Plaintiff City of Warwick Retirement Fund and additional plaintiff Peter Szabo ("Plaintiffs") alleged that YRC had engaged in a scheme to overcharge its customers "for shipments based on weights that were higher than actual weights" [Amended Complaint ¶ 9] – a purported practice that led to a *qui tam* investigation under the FCA and, ten years later, to a suit by the United States on behalf of the Department of Defense, a YRC customer.  Plaintiffs contended that YRC's alleged conduct and its failure to disclose an investigation by the Department of Justice had caused YRC's financial statements and other disclosures to be materially false or misleading during the Class Period (March 10, 2014 through December 14, 2018).  Plaintiffs asserted a securities-fraud claim under § 10(b) of the Securities Exchange Act (the "Exchange Act") and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, as well as a control-person liability claim against the individual defendants under § 20(a) of the Exchange Act.

Defendants moved to dismiss the Amended Complaint, and this Court granted Defendants' motion in its entirety.  The Court ruled that Plaintiffs had not pled facts showing that Defendants had made any material misstatements or omissions or had acted with the requisite scienter required under the Exchange Act.  *Lewis v. YRC Worldwide Inc.*, 2020 WL

---

[1]     YRC recently was renamed Yellow Corporation.

1493915 (N.D.N.Y. Mar. 27, 2020).  Plaintiffs appealed the dismissal to the U.S. Court of Appeals for the Second Circuit, where the case is pending as Docket No. 20-1427.

After the appeal was fully briefed, the parties explored settlement prospects, and they reached an agreement in principle at the end of a two-day mediation under the auspices of retired California Superior Court Judge Daniel Weinstein and another JAMS mediator (Jed Melnick, Esq.).  The parties later entered into a Settlement Agreement, which Plaintiffs have submitted to this Court for preliminary approval.[2]

As Plaintiffs' motion papers more comprehensively explain, the proposed settlement is worthy of preliminary approval.  Defendants support the relief sought in Plaintiffs' motion because, even though Defendants are confident of their prospects on appeal, they are interested in putting this case behind them to avoid the further distractions and expenses of continued litigation.  Defendants submit this separate memorandum to focus on the litigation risks that would confront Plaintiffs and the Class if the Court does not approve the settlement.

## ARGUMENT

Courts called upon to preliminarily approve a proposed class-action settlement "must review the proposed terms of settlement and make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms."  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (internal quotations omitted) ("*In re Payment Card*").  In so doing, court consider the factors outlined in the recently adopted Fed. R. Civ. P. 23(e)(2), which apply to the final-approval stage but also guide the preliminary

---

[2]    All capitalized terms not defined in this Memorandum have the meanings given to them in the Settlement Agreement.

approval inquiry.  *Id*. at 28; *accord, e.g.*, *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686,

692 (S.D.N.Y. 2019).

Courts also consider the factors that the Second Circuit had previously articulated in *City

of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by

Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), because "the new

Rule 23(e) factors . . . add to, rather than displace, the *Grinnell* factors" and because "there is

significant overlap between the *Grinnell* factors and the Rule 23(e)(2)(C-D) factors . . . ."  *In re

Payment Card*, 330 F.R.D. at 29; *accord, e.g.*, *In re GSE Bonds*, 414 F. Supp. 3d at 692; *see

also, e.g.*, *Story v. SEFCU*, 2021 WL 736962, at \*7 (N.D.N.Y. Feb. 25, 2021) (applying

Rule 23(e)(2) and *Grinnell* factors at final-approval stage).

Plaintiffs' motion in support of preliminary approval reviews the multiple considerations

that arise at the preliminary approval stage.  Defendants therefore will focus on only one portion

of Rule 23(e):  Rule 23(e)(2)(C) – the costs, risks, and delay of trial and appeal – which

"implicates several *Grinnell* factors, including (i) the complexity, expense and likely duration of

the litigation; (ii) the risks of establishing liability; (iii) the risks of establishing damages; and

(iv) the risks of maintaining the class through the trial."  *In re Payment Card*, 330 F.R.D. at 36.

In evaluating those risks, the Court does not need "to adjudicate the disputed issues or decide

unsettled questions; rather, the Court need only assess the risks of litigation against the certainty

of recovery under the proposed settlement."  *Id.* at 36-37 (internal quotations omitted).

I.   **RISKS OF ESTABLISHING LIABILITY AND DAMAGES**

Plaintiffs would face significant hurdles in proving their claims if the litigation were to

proceed, because this Court has already dismissed Plaintiffs' entire case.  The Court's decision

3

was correct, and, in Defendants' view, nothing in Plaintiffs' briefing in the pending appeal would warrant a reversal.

To plead a claim under § 10(b) of the Exchange Act and Rule 10b-5, a plaintiff must establish, among other things, a material misrepresentation or omission and scienter. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005).

"Any complaint alleging securities fraud must [also] satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act of 1995 (the "PSLRA")] and Fed. R. Civ. P. 9(b) by stating with particularity the circumstances constituting fraud." *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). "Under the PSLRA, the complaint must 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading,' and 'state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind.'" *Id.* (quoting 15 U.S.C. §§ 78u-4(b)(1), (2)) (emphasis added). Moreover, "if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

This Court properly ruled that the Amended Complaint did not meet those demanding standards.

## A.   No Company-Wide "Overcharge Scheme" During the Class Period

The Court first held that Plaintiffs had failed to plead particularized facts suggesting that a company-wide "overcharge scheme" had existed at YRC during the Class Period. *Lewis*, 2020 WL 1493915, at *7. The Court examined the statements of Plaintiffs' six confidential witnesses ("CWs") and concluded that the allegations of five CWs (1, 3, 4, 5, 6) were not sufficiently reliable or particularized to be credited. Three CWs (1, 5, 6) had not been employed at YRC

4

during the Class Period. *Id.* Three CWs (1, 5, 6) had merely repeated statements from other, unidentified YRC employees to allege misconduct during the Class Period. *Id.* And two CWs (3, 4) who had been employed at YRC both before and during the Class Period had not pled facts specifically showing alleged misconduct *during* the Class Period. *Id.*

As for the remaining witness, CW2, the Court concluded that the Amended Complaint pled sufficiently particularized allegations of overcharging during the Class Period, *id.* at \*8, but the allegations failed to demonstrate a *uniform, company-wide* "overcharge scheme" because CW2 had alleged only that *certain* customers had been overcharged at *one* YRC terminal, *id.* at \*11.

### B.    No Materially False Statements or Omissions

The Court next held that Defendants had not made any materially false or misleading statements or omissions.

First, the Court ruled that Item 303 of SEC Regulation S-K did not require disclosure of the DOJ Investigation; nor did it require disclosure of the "overcharge scheme" because Plaintiffs had not established company-wide knowledge of such a "scheme" during the Class Period. *Id.* at \*9-11.

Second, for similar reasons, the Court held that generally accepted accounting principles ("GAAP") did not require disclosure of the DOJ Investigation and that the "Other Legal Matters" section of YRC's financial statements had sufficiently acknowledged the existence of a possible claim. *Id.* at \*11-12.

Third, the Court rejected Plaintiffs' arguments that YRC's accurately reported historical financial results were false or misleading for failing to disclose that YRC's financial performance supposedly had been achieved through allegedly illegal conduct. *Id.* at \*14.

5

Fourth, the Court held that any alleged misstatements about YRC's compliance with GAAP and other laws were "clearly opinions," which were not actionable because the Amended Complaint did not plausibly suggest that Defendants had *not* believed that YRC was in compliance, and the DOJ Investigation and related settlement talks were legally insufficient to suggest otherwise. *Id.* at *14-15.

Plaintiffs elected not to appeal the Court's additional rulings rejecting Plaintiffs' misrepresentation claims concerning YRC's rerating reserves, *id.* at *15-16, and Sarbanes-Oxley certifications and internal controls, *id.* at *16.

## C.    No Strong Inference of Scienter

The Court also held that Plaintiffs had failed to plead a strong inference that Defendants had acted with the scienter required for an Exchange Act claim.

First, the Court ruled that Plaintiffs had not created any such inference as to the Individual Defendants based on their stock sales, which were neither suspicious nor unusual in amount or timing. *Id.* at *17-19.

Second, the Court held that Plaintiffs had not pled facts supporting a strong inference of conscious misbehavior or recklessness. The Amended Complaint did not contain *any* specific allegations that three of the four Individual Defendants (Messrs. Hawkins and Pierson Ms. Fisher) had known about the alleged "overcharge scheme," and none of the CWs had mentioned those persons. *Id.* at *19. Nor did the Amended Complaint allege any facts plausibly suggesting that the Individual Defendants had made or been involved in the making of any material misstatements or omissions, *id.*, or had known of a company-wide "overcharge scheme," *id.* at *11. And although the Individual Defendants might have known about the DOJ Investigation, such potential knowledge did not create a strong inference of conscious

6

misbehavior or recklessness. *Id.* at \*20. The Court also held that Plaintiffs had failed to allege

scienter as to anyone other than the Individual Defendants whose intent could be imputed to

YRC. *Id.* at \*20-21.

Although Plaintiffs appealed from the dismissal of the claims against YRC and

Mr. Welch, they did not appeal this Court's holding of no scienter as to the other Individual

Defendants (Messrs. Hawkins and Pierson and Ms. Fisher) and thus effectively conceded the

dismissal of all claims against them.

### D.      No Control-Person Liability

Because of Plaintiffs' failure to plead a primary violation of the Exchange Act, the Court

dismissed Plaintiffs' control-person liability claims. *Id.* at \*21.

\* \* \* \*

In light of the Court's decision, Plaintiffs faced the very likely prospect of not obtaining

anything for the Class if they pursued their appeal and did not settle the case. The proposed

settlement thus presents the only realistic way for Plaintiffs to obtain some recovery for the

Class. Accordingly, the relevant Rule 23(e)(2)(C) and *Grinnell* factors weigh heavily in favor of

preliminary approval of the proposed settlement, as do the other factors explained in Plaintiffs'

brief in support of preliminary approval.

7

## CONCLUSION

For the foregoing reasons, and for those explained in Plaintiffs' motion papers, the Court should preliminarily approve the proposed settlement, authorize dissemination of notice to the putative class, and schedule a fairness hearing.

Dated: April 16, 2021

_____
Daniel J. French
David G. Burch, Jr.
Barclay Damon LLP
125 East Jefferson Street
Syracuse, NY  13202
Tel:  (315) 425-2788
Fax:  (315) 425-8588
dfrench@barclaydamon.com
dburch@barclaydamon.com

Ralph C. Ferrara (*pro hac vice*)
Ann M. Ashton (*pro hac vice*)
Proskauer Rose LLP
Suite 600 South
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 416-6800
Fax:  (202) 416-6899
rferrara@proskauer.com
aashton@proskauer.com

Jonathan E. Richman (*pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
jerichman@proskauer.com

Counsel for Defendants

8

122850114v1