## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,**<br><br>       **Plaintiff,**<br>**v.**<br><br>**YRC WORLDWIDE INC.,** *et al.*,<br><br>       **Defendants.** | No. 1:19-cv-00001-GTS-ATB |

## <u>ORDER PRELIMINARILY</u>
## <u>APPROVING PROPOSED SETTLEMENT</u>

WHEREAS Lead Plaintiffs City of Warwick Retirement Fund and Peter Szabo, on behalf of themselves and the Class (as defined below), and Defendants YRC Worldwide Inc., James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren Hawkins have entered into a Settlement Agreement that, if approved by the Court, would settle all Claims[1] that have been, could have been, or could be asserted in this Action; and

WHEREAS Lead Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 23(e)(1) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") asking the Court to approve the proposed Settlement preliminarily, direct that notice of the proposed Settlement be provided to Class Members, and schedule a hearing for final approval of the proposed Settlement; and

WHEREAS Lead Plaintiffs attached to the motion the Settlement Agreement, together with its annexed exhibits; and

WHEREAS the Court has read and considered the Settlement Agreement and the Settling Parties' submissions; and

---

[1]  To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Stipulation of Settlement.

WHEREAS the proposed Settlement is subject to the Court's final approval at the Fairness Hearing to be held as discussed below;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.     **<u>Preliminary Findings on Proposed Settlement</u>**.  The Court hereby finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the proposed Settlement evidenced by the Settlement Agreement as fair, reasonable, and adequate to the Class under Rule 23(e)(2), and thus the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of it to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement.  In making these findings, the Court has considered a number of factors, including the nature of the Settling Parties' respective claims and defenses, this Court's dismissal of the Action, Lead Plaintiffs' pending appeal, the amount of consideration to be paid in settlement, the information available to the Settling Parties, and the allocation of the proposed settlement relief.  Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement appears to have resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, under the auspices of a retired California Superior Court Judge acting as mediator, and appears likely to be approved, and (*ii*) the terms and conditions of the Settlement Agreement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class Members.

2.     **<u>Proposed Certification of Class Solely for Settlement Purposes</u>**.  Solely for purposes of the proposed Settlement, the Settling Parties have stipulated to the certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(3):  all persons and entities who purchased

or otherwise acquired YRC Securities during the period from March 10, 2014 through December 14, 2018, inclusive, and who were damaged thereby.  Excluded from the Class are:

   a. such persons or entities who submit valid and timely requests for exclusion from the Class;

   b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

   c. YRC and(*i*) all officers and directors of YRC during the Class Period (including James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins), (*ii*) YRC's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which YRC or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

  3. **Class Findings.** The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class solely for purposes of the proposed Settlement.  Specifically, the Court finds that, for settlement purposes, each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and any other applicable laws (including the PSLRA) has been met or will likely be met:

   a. The Class appears to be ascertainable from business records and/or from objective criteria;

   b. The Class appears to be so numerous that joinder of all members would be impractical;

c.      Lead Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Class Members;

d.      Based on Lead Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, Lead Plaintiffs' claims appear to be typical of those of the other members of the Class;

e.      Lead Plaintiffs appear to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiffs' interests appear to be consistent with those of the other Class Members, (*ii*) Lead Counsel appears to be able and qualified to represent the Class, and (*iii*) Lead Plaintiffs and Lead Counsel appear to have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these preliminary findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning the claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

4.      **Preliminary Certification of Class for Settlement Purposes.**  Based on the above findings, the Court preliminarily certifies the Class solely for purposes of the proposed

Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  This preliminary certification is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Settlement Agreement.  If the Court does not grant final approval of the proposed Settlement, or if the Court's approval of the Settlement does not become Final for any reason whatsoever or is modified in any material respect that is unacceptable to a Settling Party, this preliminary class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiffs or anyone else to seek class certification in this or any other matter arising out of the facts and circumstances that give rise to the Action.

5.     **Preliminary Certification of Lead Plaintiffs as Class Representatives and Appointment of Lead Counsel for Settlement Purposes**.  The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that, solely for purposes of the proposed Settlement, it will likely be able to certify City of Warwick Retirement Fund and Peter Szabo as the class representatives for the Class and Kaplan Fox & Kilsheimer LLP and Pomerantz LLP as class counsel for the Class pursuant to Fed. R. Civ. P. 23(g).  The Court therefore preliminarily appoints City of Warwick Retirement Fund and Peter Szabo as the class representatives for the Class and Kaplan Fox & Kilsheimer LLP and Pomerantz LLP as class counsel for the Class

6.     Lead Counsel has the authority to enter into the proposed Settlement on behalf of the Class and is authorized to act on behalf of the Class Members as to all acts or consents that are required by or may be given pursuant to the Settlement Agreement or such other acts as are reasonably necessary to consummate the Settlement.

7.      **<u>Fairness Hearing</u>**.  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on _____, 2021, at _____ .m. ET (a date no fewer than 110 days following the Preliminary Approval Date), before the Honorable Glenn T. Suddaby, Chief United States District Judge for the Northern District of New York, at the United States Courthouse, 100 S. Clinton Street, Syracuse, NY 13261.  The Court may approve the proposed Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Class.

8.      At the Fairness Hearing, the Court will consider, among other things:

a.      whether the Court should grant final certification of the Action as a class action for settlement purposes and grant final appointment of Lead Plaintiffs as Class representatives and Lead Counsel as counsel for the Class;

b.      whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

c.      whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

d.      whether an Approval Order and a Judgment, substantially in the forms attached to the Settlement Agreement as Exhibits B and C, respectively, should be entered dismissing the Action on the merits and with prejudice, and whether the Releases in the Settlement Agreement should be provided to the Releasees and Releasors;

e.      whether the Court should enter a permanent injunction and bar orders as requested in the Settlement Agreement in the forms set out in the Approval Order, which is attached as Exhibit B to the Settlement Agreement;

    f.  whether the Court should approve Lead Counsel's application for an

Attorneys' Fees and Expenses Award;

    g.  whether the Court should approve Lead Plaintiffs' application for a

PSLRA Award; and

    h.  any other matters relating to the approval and implementation of the

Settlement Agreement that the Court may deem appropriate.

   9.  **Retention of Claims Administrator.** The Court approves Lead Plaintiffs'

selection of A.B. Data, Ltd. to serve as Claims Administrator.  The Claims Administrator shall

perform various tasks as directed by Lead Counsel, including:  (*i*) printing the Postcard Notice,

Long-Form Notice, and Claim Form and mailing them to potential Class Members, (*ii*) arranging

for publication of the Summary Notice, (*iii*) posting the Postcard Notice, Long-Form Notice,

Claim Form, and other documents relevant to the Settlement and the Action on a website for the

Settlement, (*iv*) answering written inquiries from potential Class Members and/or forwarding

such inquiries to Lead Counsel, (*v*) providing additional copies of the Postcard Notice, Long-

Form Notice, and Claim Form, upon request, to Nominees or potential Class Members,

(*vi*) operating a toll-free telephone number with access to operators to answer inquiries from

potential Class Members and/or to forward such inquiries to Lead Counsel, and training staff

members and operators about the proposed Settlement and the Plan of Allocation, (*vii*) receiving

and maintaining any requests for exclusion from the Settlement from potential Class Members,

(*viii*) receiving and processing Claim Forms from Class Members, (*ix*) mailing or causing to be

mailed to Authorized Claimants their distributions under the Plan of Allocation, and

(*x*) otherwise administering and implementing the Settlement Agreement.  The costs incurred by

or attributed to the Class Administrator shall be paid out of the Settlement Amount in the Escrow Account, subject to the terms of the Settlement Agreement.

10.     **Notice to Class Members.**  The Court hereby approves, as to form and content, the Postcard Notice, Long-Form Notice, Claim Form, and Summary Notice annexed to the Settlement Agreement as Exhibits D, E, G, and F, respectively.  The Court finds that the Postcard Notice, Long-Form Notice, Claim Form, and Summary Notice will sufficiently inform potential Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement.  The Court further finds that the mailing and distribution of the Postcard Notice, Long-Form Notice, and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to such notice.  The Court expressly concludes that use of the Postcard Notice satisfies the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law because the Postcard Notice includes the key elements required by the PSLRA (15 U.S.C. § 78u-4(a)(7)) and because, in the particular circumstances of this Settlement, the cost of mailing a longer notice (such as the Long-Form Notice) to each potential Class Member would unduly erode the $2.1 million Settlement Amount.  The Court is aware from the Settling Parties' submissions that numerous other courts have approved the use of postcard notices such as the one proposed here.

11.     Lead Counsel are authorized to pay from the Settlement Amount the Notice and Administrative Expenses incurred before the Final Settlement Date, subject to the terms of the Settlement Agreement.

12.     Within five (5) Business Days following the entry of this Order, YRC and/or its transfer agent(s), to the extent they have not already done so, shall provide or cause to be provided to the Claims Administrator, at YRC's own cost, lists of all persons and entities that purchased YRC Securities during the Class Period, so that the Claims Administrator can provide notice to such potential Class Members.  To the extent practicable, the shareholder lists shall be in electronic form (such as Excel) and shall contain the names and addresses (and email addresses, if available) of all potential Class Members who can be identified through reasonable efforts from YRC's and/or its transfer agents' records.

13.     By no later than the Notice Date, which date shall be sixty (60) calendar days before the deadline for objecting to the proposed Settlement as set forth in this Order, the Claims Administrator shall mail or cause to be mailed the Postcard Notice, substantially in the form annexed to the Settlement Agreement as Exhibit D, by first-class mail, postage prepaid or by email, to all potential Class Members at the addresses set forth in the records that YRC provided or caused to be provided or at the last-known address of each such person or entity, or who are identified through further reasonable efforts.

14.     By not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice (substantially in the form annexed to the Settlement Agreement as Exhibit F) to be published one time in *Investor's Business Daily* as well as on *PRNewswire.*

15.     The Claims Administrator shall also cause copies of the Long-Form Notice and Claim Form (collectively, the "Notice Packet") to be mailed as soon as practicable to persons who request copies of the Notice Packet and who assert, in response to the Postcard Notice, Summary Notice, or otherwise, that they are potential Class Members.

16.     If any Postcard Notices or Notice Packets are returned to the Claims Administrator with updated addresses, or if updated addresses are otherwise reasonably available, the Claims Administrator shall remail such Postcard Notices or Notice Packets to the updated addresses.

17.     The Claims Administrator shall cause a website to be established so that potential Class Members can find information relating to the Action and the proposed Settlement.  The website shall contain, among other things, copies of (*i*) the Postcard Notice and the Long-Form Notice, including the Plan of Allocation, (*ii*) the Claim Form, (*iii*) the Summary Notice, (*iv*) the Settlement Agreement (including the exhibits), (*v*) motions for approval of the proposed Settlement, and any responsive papers, (*vi*) Lead Counsel's motion for an Attorneys' Fees and Expenses Award, and any responsive papers, (*vii*) Lead Plaintiffs' motion for a PSLRA Award, and any responsive papers, (*viii*) the Complaint, (*ix*) this Court's decision on Defendants' motion to dismiss, (*x*) this Order and any subsequent Orders concerning the proposed Settlement and the Fairness Hearing, and (*xi*) such other materials as Lead Counsel determines should be posted.

18.     The Claims Administrator and/or Lead Counsel shall make reasonable efforts to identify all persons who are potential Class Members, including beneficial owners whose YRC Securities are or were held by banks, brokerage firms, depository institutions, or other nominees. Nominees who purchased or otherwise acquired YRC Securities during the Class Period for the benefit of another person or entity are directed to, within fourteen (14) days after receipt of the

Postcard Notice or the Long-Form Notice (whichever is earlier), either (*i*) request from the Claims Administrator additional copies of the Postcard Notice for distribution to those beneficial owners or (*ii*) send a list of the names and addresses (and email addresses, if available) of such beneficial owners to the Claims Administrator.  If a Nominee elects to send the Postcard Notice to beneficial owners, such Nominee is directed to mail the Postcard Notice within fourteen (14) days after receipt of the copies of those documents from the Claims Administrator.  Upon making such mailing, the Nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Order, including the timely mailing of the Postcard Notice to beneficial owners, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to $0.05 per Postcard Notice mailed or $0.10 per name and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Postcard Notice.  Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be treated as Notice and Administrative Expenses and paid consistent with paragraph 11 above and paragraph 22 below.

19.     **CAFA Notice.**  As provided in the Settlement Agreement, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement has been filed with the Court. YRC shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Fairness Hearing, Defendants shall

cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

20.     The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Postcard Notice, Long-Form Notice, Summary Notice, Claim Form, and Plan of Allocation without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

21.     At least seven (7) days before the Fairness Hearing, Lead Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the mailing of the Postcard Notice, the publication of the Summary Notice, and the posting of the various materials on the Claims Administrator's website, all as required by this Order.

22.     **Notice and Administrative Costs and Taxes.**  Without further order of the Court, (*i*) as set out above, Notice and Administrative Expenses (other than the CAFA notice expenses) will be paid, consistent with the terms of the Settlement Agreement, out of the Escrow Account, and (*ii*) Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or concerning the Settlement Amount and other monies in the Escrow Account, to cause any Tax Expenses due and owing to be paid from the funds in the Escrow Account, and to otherwise perform all obligations as to Tax Expenses and any reporting or filings relating to them as contemplated by the Settlement Agreement.

23.     **Filing of Claims.**  To be entitled to participate in recovery from the Net Settlement Amount, each Class Member shall take the following actions and be subject to the following conditions:

a.      A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the address identified in the Claim Form, postmarked or received no later than the date stated in the Claim Form (which date shall be one hundred twenty (120) days after the date of this Order).  Such deadline may be further extended by Order of the Court.  Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided that such Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Amount.  Any Claim Form submitted in any other manner shall be deemed to have been submitted on the date that the Claims Administrator actually receives it at the address designated in the Notice.

b.      The Claim Form submitted by each Class Member must satisfy the following conditions:  (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation that the Claims Administrator or Lead Counsel deems adequate; (*iii*) if the person executing the Claim Form is acting in a representative capacity, such person must provide with the Claim Form a certification of his, her, or its current authority to act on behalf of the Class Member; and (*iv*) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter in the form and must be signed under penalty of perjury.

c.      Upon receipt of a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the determination and giving the claimant an opportunity to remedy any potentially curable deficiencies.  Claimants who timely submit Claim Forms that are deficient or otherwise rejected shall be afforded a reasonable time to cure any deficiency that appears to be potentially curable.

d.      All claimants shall submit to the jurisdiction of the Court for all matters concerning the filing of and determinations concerning their Claim Forms.

24.     **Exclusion from Class**.  All potential Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Claims Administrator at the address set out in the Postcard Notice and Long-Form Notice.  The exclusion request must include the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *Lewis v. YRC Worldwide Inc.*, No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.), (*vi*) the number of shares of YRC Securities held as of opening of trading on March 10, 2014 and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative.

25.     To be valid, any request for exclusion must be in writing, must contain all the information required by this Order, and must be received by the Claims Administrator no later

than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

26.     If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and all Releasors related to each such Class Member) shall be bound by the Releases in the Settlement Agreement and by all proceedings, orders, and judgments in the Action, whether favorable or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration, or other proceeding, or has any other Claim, against any or all of the Releasees relating to any of the Released Class Claims.

27.     At or before the Fairness Hearing, the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class.  Persons requesting exclusion from the Class shall not be entitled to receive any payment in connection with the proposed Settlement.

28.     **Objections.**  Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including to any terms of the Settlement Agreement, to the Plan of Allocation, and/or to the applications for an Attorneys' Fees and Expenses Award and/or a PSLRA Award, must serve on Lead Counsel and Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.

29.     Each objection must include the name and docket number of this case (as set out at the top of this Order) and, in addition to the reason(s) for the objection, must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of YRC Securities held as of opening of trading on March 10, 2014 and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions.

30.     All such objections must be received by the Court and by Lead Counsel and Defendants' Counsel by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set out by the Court in this Order.  Objections must be (*i*) sent or delivered to the following addresses:

a.      The Court:

Clerk of Court
United States District Court for the Northern District of New York
United States Courthouse
P.O. Box 7367 (if mail is used)
100 S. Clinton Street
Syracuse, NY 13261

b.      Lead Counsel:

Jeffrey P. Campisi, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York  10022

**AND**

Michael J. Wernke, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, New York 10016

16

     c.      Defendants' Counsel:

          Jonathan E. Richman, Esq.
          Proskauer Rose LLP
          11 Times Square
          New York, NY  10036

***and*** (*ii*) emailed to jcampisi@kaplanfox.com, mjwernke@pomlaw.com, and jerichman@proskauer.com.

31.     If a Class Member hires an attorney (at his, her, or its own expense) to represent him, her, or it for purposes of objecting, such attorney must serve a notice of appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the addresses set out above) so that it is received by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

32.     Any Class Member who does not make an objection in the time and manner provided in the Postcard Notice and Long-Form Notice and this Order shall be deemed to have waived such objection, shall be bound by the terms of the Settlement Agreement and the Approval Order and Judgment, and shall be foreclosed forever from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, unless otherwise allowed by the Court.

33.     Potential Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement.

34.     **Appearance at the Fairness Hearing.**  Any Class Member may appear at the Fairness Hearing either directly or through counsel retained at the Class Member's expense to address the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement. Class Members or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number,

and e-mail address (if available) of the Class Member (and, if applicable, of the Class Member's

attorney). Such notice of intention to appear must be served on Lead Counsel and Defendants'

Counsel and filed with the Court (at the addresses set out above) so that it is received by no later

than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in

this Order. Any Class Member (or attorney) who does not timely file and serve a notice of

intention to appear in accordance with this paragraph shall not be permitted to appear at the

Fairness Hearing, except for good cause shown. It is within the Court's discretion to allow

appearances at the Fairness Hearing in person, by telephone, or by videoconference.

35.    Any Class Member who wishes to appear at the Fairness Hearing in order to

object to the proposed Settlement, proposed Plan of Allocation, Attorneys' Fee and Expense

Application, and/or the PSLRA Award Application must also comply with the provisions of

paragraphs 28 through 33 above

36.    **Preliminary Injunction.** Pending final determination of whether the proposed

Settlement should be approved, the Court orders as follows:

a.    Lead Plaintiffs and all other Class Members (and their attorneys,

accountants, agents, heirs, executors, administrators, trustees, predecessors, successors,

Affiliates, representatives, and assigns) who have not validly and timely requested exclusion

from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively

for any of such persons or entities – are preliminarily enjoined from filing, commencing,

prosecuting, intervening in, participating in (as class members or otherwise), or receiving any

benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other

proceeding (as well as a motion or complaint in intervention in the Action if the person or entity

filing such motion or complaint in intervention purports to be acting as, on behalf of, for the

benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

        b.      All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

        c.      All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are preliminarily enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Released Releasees' Claims.

        37.      **Communications with Class Members.**  Releasees shall maintain the right to communicate orally and in writing with YRC's shareholders (including potential Class Members) in the normal course of business.  To the extent that any such communications relate to the Action or the proposed Settlement, such communications shall be limited to the following:

        a.      Communications between potential Class Members and those Releasees' representatives whose responsibilities include investor relations;

        b.      Communications as may be necessary to implement the terms of the Settlement; and

        c.      Such communications as may be made in the conduct of the Releasees' business, including to comply with any applicable regulatory or listing requirements.

        38.      **Filing of Papers.**  All papers in support of the proposed Settlement shall be filed and served as set forth below:

a.      Any motions for final approval of the proposed Settlement and Plan of Allocation and/or any motions for an Attorneys' Fees and Expenses Award and/or a PSLRA Award must be filed by no later than thirty-five (35) days before the date of the Fairness Hearing as initially set by the Court in this Order.

b.      Any oppositions to any motions for final approval of the proposed Settlement or the Plan of Allocation, and/or for an Attorneys' Fees and Expenses Award and/or a PSLRA Award, must be filed with the Court and received by Lead Counsel and Defendants' Counsel, at the addresses and email addresses set out in paragraph 30, by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

c.      Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an Attorneys' Fees and Expenses Award and/or PSLRA Award, and any responses to objections submitted pursuant to paragraph 28 or oppositions submitted pursuant to paragraph 38.b, must be filed and served by no later than seven (7) days before the date of the Fairness Hearing as initially set by the Court in this Order.

39.      **Qualified Settlement Fund.**  The Escrow Account, held by The Huntington National Bank (which the Court approves as the Escrow Agent), into which the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

40.      **Confidentiality Agreement.**  The Confidentiality Agreement annexed as Exhibit H to the Stipulation of Settlement is hereby incorporated into this Order, and any breach of the Confidentiality Agreement shall be deemed a breach of a court order.  Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any disclosures made pursuant to the Confidentiality

Agreement shall not constitute a waiver of privilege or other protection in any federal or state proceeding.

41.   **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by its terms for any other reason; *provided, however*, that paragraph 40 of this Order (concerning the Confidentiality Agreement) shall remain in effect even if the rest of this Order becomes null and void pursuant to this paragraph 41.  In such event, the Settlement Agreement shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever except as set out in Section XV of the Settlement Agreement.

42.   **Use of Order.**  Except as to paragraph 40, this Order shall be of no force or effect if the proposed Settlement does not become Final.  This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Lead Plaintiffs or any other Class Member that his, her, its, or their claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims that he, she, or it might have.

43.   **Sharing of Papers.**  Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

44.   **<u>Potential Continuance of Fairness Hearing</u>.**  The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members.  The Court may decide to hold the Fairness Hearing telephonically or by videoconference without further notice to the Class.  Any Class Member (or his, her, or its counsel) who wishes to appear at the Fairness Hearing should consult the Court's calendar and/or the Claims Administrator's website for any change in date, time, or format of the hearing.

45.   **<u>Retention of Jurisdiction</u>.**  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this  19th  day of  April   , 2021.

Hon. Glenn T. Suddaby
Chief U.S. District Judge

22

121736075v4