# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,** | No. 1:19-cv-00001-GTS-ATB |
| **Plaintiff,** | |
| v. | |
| **YRC WORLDWIDE INC.,** *et al.*, | |
| **Defendants.** | |

**DECLARATION OF ERIC A. NORDSKOG REGARDING: (A) MAILING OF THE
POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE;
AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Eric A. Nordskog, declare as follows:

1.      I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data")[1], whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to the Court's April 19, 2021, Order Preliminarily Approving Proposed Settlement (the "Preliminary Approval Order"), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement in the above-captioned action (the "Action").  I am over 21 years of age and am not a party to this Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.      Pursuant to the Preliminary Approval Order, as discussed below, A.B. Data mailed the Postcard Notice to potential Class Members and nominees.  A copy of the Postcard Notice is attached hereto as Exhibit A.

3.      On April 20, 2021, A.B. Data received a data file from Defendants' counsel with the names and addresses of 41 unique record holders of YRC Securities that were potential Class Members.  On

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated April 12, 2021 ("Stipulation"). ECF No. 96.

April 30, 2021, A.B. Data caused the Postcard Notices to be sent by First-Class Mail to these 41 potential Class Members.

4.     As in most class actions of this nature, the majority of potential Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees. On April 30, 2021, A.B. Data caused Postcard Notices to be mailed to the 4,990 mailing records contained in the A.B. Data record holder mailing database.

5.     On April 30, 2021, A.B. Data also submitted the Notice of Pendency of Class Action and Proposed Settlement; Settlement Fairness Hearing; and Motion for Attorneys' Fees and Litigation Expenses ("Long Form Notice") and the Proof of Claim and Release Form ("Proof of Claim") to the Depository Trust Company to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities. Copies of the Long Form Notice and Proof of Claim are attached hereto as Exhibits B and C, respectively.

6.     The Preliminary Approval Order and the Long Form Notice required that nominees who purchased or otherwise acquired YRC Securities for the beneficial interest of a person or entity other than themselves, within fourteen (14) calendar days of receipt of the Postcard Notice, either: (a) send a copy of the Postcard Notice by First-Class Mail to all of the beneficial owners of YRC Securities during the Class Period; or (b) provide A.B. Data with the name and last known address of each person or organization for whom or which they purchased or otherwise acquired YRC Securities during the Class Period. *See* Long Form Notice ¶ 83.

7.     As of the date of this Declaration, A.B. Data has received 15,058 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions, and other nominees.

2

A.B. Data has also received requests from brokers and other nominee holders for 27,269 Postcard Notices, which the brokers and nominees are required to mail to their customers. All such mailing requests have been, and will continue to be, responded to by A.B. Data in a timely manner.

8.    As of the date of this Declaration, a total of 47,358 Postcard Notices have been mailed to potential Class Members and their nominees. In addition, A.B. Data has re-mailed 45 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were obtained through either the Postal Service or address research conducted through TransUnion.

## PUBLICATION OF THE SUMMARY NOTICE

9.    In accordance with Paragraph 14 of the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on May 10, 2021. Proof of this publication of the Summary Notice is attached hereto as Exhibits D and E, respectively.

## TELEPHONE HOTLINE

10.    On or about April 30, 2021, a case-specific toll-free phone number, 877-265-3022, was established with an Interactive Voice Response system and live operators. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option to be transferred to an operator during business hours.

## WEBSITE

11.    A.B. Data has also established a case-specific website, www.YRCSecuritiesSettlement.com, which provides general information regarding the case and its current status, and downloadable copies of the Long Form Notice, Proof of Claim, and other court documents, including the Settlement Agreement. The Settlement website is accessible 24 hours a day, 7 days a week.

3

**REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

12.     The Long Form Notice informed potential Class Members that written requests for exclusion are to be mailed to *YRC Worldwide Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 such that they are received on or before July 21, 2021. A.B. Data has been monitoring all mail delivered to the post office box.  As of the date of this Declaration, A.B. Data has received one (1) request for exclusion. A.B. Data will submit a supplemental declaration after the July 21, 2021, exclusion deadline addressing any additional requests for exclusion received.

13.     According to the Long Form Notice, Class Members seeking to object to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than July 21, 2021. As of the date of this Declaration, A.B. Data as not received any misdirected objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of July 2021.

_____

Eric A. Nordskog

4

# EXHIBIT A



YBODY BioNews, Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173127
Milwaukee, WI 53217

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

Case No. 1:19-cv-00001 (N.D.N.Y.)
Case Pending in U.S. District Court for
Northern District of N.Y.

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

*YRC Worldwide Inc. Securities Litigation.,* Case No. 1:19-cv-00001 (N.D.N.Y.)
*THIS IS A SUMMARY OF A LEGAL NOTICE OF AN ACTION THAT MAY AFFECT YOUR RIGHTS.*
*VISIT WWW.YRCSECURITIESSETTLEMENT.COM OR CALL (877) 265-3022 FOR MORE INFORMATION.*

Case 1:19-cv-00001-GTS-ADB Document 100-3 Filed 07/14/21 Page 8 of 4

The U.S. District Court for the Northern District of New York (the "Court") has preliminarily approved a proposed Settlement of claims against YRC Worldwide Inc. ("YRC"), James Welch, Jamie Pierson, Stephanie Fisher, and Darren Hawkins (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Defendants made false and/or misleading statements and/or omissions concerning YRC's business operations. Defendants deny the allegations.

You received this Notice because you may have purchased or acquired YRC Securities between March 10, 2014, and December 14, 2018, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for dismissal and release of claims against Defendants, a fund consisting of $2,100,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Claim Forms. The average recovery per share could be $0.07 before deduction of any fees and expenses. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure. Plaintiffs and Defendants disagree as to the amount per share that would be recoverable if Plaintiffs prevailed on each claim. Plaintiffs believe that the proposed Settlement is fair, reasonable, and in the best interests of the Class considering the strengths and weaknesses of the claims, the uncertainties of complex litigation, and the concrete benefits provided by the Settlement particularly in light of the Court's dismissal of the case. Defendants have agreed to settle to avoid the continuing burden and expense of this Action. For a full description of the Settlement and your rights, and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Securities Class Action ("Notice") and Claim Form by visiting the website: www.YRCSecuritiesSettlement.com (the "Website"). You may request copies of the Notice and Claim Form by: (1) mail: YRC Worldwide Inc. Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173127, Milwaukee, WI 53217; (2) call toll-free: (877) 265-3022; or (3) email: info@YRCSecuritiesSettlement.com.

To qualify for payment, you must submit a Claim Form, which can be found on the Website. CLAIM FORMS ARE DUE BY August 17, 2021 and should be mailed to the address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 21, 2021. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by July 21, 2021. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on August 18, 2021, at 11:00 a.m. at the United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261, via video through Microsoft Teams to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for no more than one-third of the Settlement Fund for their attorneys' fees, plus up to $140,000 in expenses, and Awards to Plaintiffs of no more than $5,000 in total, for litigating the cases and negotiating the Settlement, which amounts to approximately $0.03 per affected share. Lead Counsel are Jeffrey P. Campisi of Kaplan Fox & Kilsheimer LLP, 850 Third Ave., 14th Floor, New York, NY 10022, (212) 687-1980, and Michael J. Wernke of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>                             **Plaintiff,**<br><br>   v.<br><br>**YRC WORLDWIDE INC.,** *et al.*,<br><br>                            **Defendants.** | No. 1:19-cv-00001-GTS-ATB |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**This Notice is about the proposed settlement of a securities class action against YRC Worldwide Inc.  You might be a member of the class in that lawsuit, and you might be eligible to receive money under the proposed settlement.**

**NOTICE OF PENDENCY OF CLASS ACTION:**  Your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of New York (the "Court") if you purchased or otherwise acquired publicly traded securities of YRC Worldwide Inc. ("YRC" or the "Company") during the period from March 10, 2014, through December 14, 2018, inclusive (the "Class Period"), and were damaged thereby.[1,2]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, City of Warwick Retirement Fund and Peter Szabo ("Lead Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $2,100,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, YRC, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 84 below).**

    1.   **Description of the Action and the Class:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging that YRC and certain YRC executives (collectively, "Defendants") violated the federal securities laws by making false and misleading statements concerning YRC's business.  A more detailed description of the Action is set forth in ¶¶ 11-20 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 21 below.

    2.   **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $2,100,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Amount (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Tax Expenses; (ii) any Notice and Administration Expenses; and (iii) any attorneys' fees

---

[1] All capitalized terms that are not otherwise defined in this Notice shall have the meanings ascribed to them in the Settlement Agreement dated April 12, 2021.  The Settlement Agreement is available at www.YRCSecuritiesSettlement.com.

[2] Herein, "YRC Securities" refers to the publicly traded securities of YRC.  During the Class Period, YRC common stock was listed on the NASDAQ Global Select Market under the ticker symbol "YRCW."  After the Class Period, in February 2021, YRC changed its name to Yellow Corporation, and its common stock commenced trading under the new symbol "YELL."

and expenses awarded by the Court, including any award for the costs and expenses of Lead Plaintiffs) will be distributed in accordance with a Plan of Allocation that the Court approves.  The proposed Plan of Allocation is set forth in ¶¶ 48-68 below.  The Plan of Allocation will determine how the Net Settlement Amount will be distributed to members of the Class.

3.     **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of YRC Securities that were purchased during the Class Period and that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.07 per affected share.  That average recovery, however, is only an estimate.  Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 48-68 below) or such other Plan of Allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:**  Lead Plaintiffs and Defendants (the "Parties") do not agree on the average amount of damages per share of YRC Securities that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any Class Members suffered any damages as a result of Defendants' alleged conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.[3]  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $140,000, and Lead Plaintiffs will apply for payment of the reasonable costs and expenses they incurred directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in an amount not to exceed a total of $5,000.  Any fees and expenses that the Court awards to Plaintiffs' Counsel and Lead Plaintiffs will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application and Lead Plaintiffs' application for a PSLRA Award, is approximately $0.03 per affected share.

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Class are represented by Jeffrey P. Campisi of Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, New York 10022, (212) 687-1980, jcampisi@kaplanfox.com, and by Michael J. Wernke, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, New York 10016, (212) 661-1100, mjwernke@pomlaw.com.

7.     **Reasons for the Settlement:**  Lead Plaintiffs' principal reasons for entering into the Settlement include the complete dismissal of their claims, the risks of not obtaining a reversal of that dismissal on appeal, and the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[3] Plaintiffs' Counsel include Court-appointed Lead Counsel, Kaplan Fox & Kilsheimer LLP and Pomerantz LLP ("Lead Counsel"), local counsel for Lead Plaintiffs and the Class, Bond Schoeneck & King, PLLC, and Bronstein Gewirtz & Grossman LLC, additional counsel for Peter Szabo.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN AUGUST 17, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Class Claims (defined in ¶ 33 below) that you have against Defendants and the other Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS *RECEIVED* NO LATER THAN JULY 21, 2021.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Releasees concerning the Released Class Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS *RECEIVED* NO LATER THAN JULY 21, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses, or the proposed award to Lead Plaintiff, you may write to the Court and explain why you do not like them.  You cannot object to any of those matters unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON AUGUST 18, 2021, AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR THAT IS *RECEIVED* NO LATER THAN JULY 21, 2021.** | Filing a written objection and notice of intention to appear by July 21, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses or the award to Lead Plaintiffs.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection.  The Court may change the date of the Fairness Hearing and may also order the Hearing to be held by telephone or videoconference, in which case instructions about date, time, and how to participate will be posted on www.YRCSecuritiesSettlement.com. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                   Page  4
What Is This Case About?                                                                     Page  4
How Do I Know If I Am Affected By The Settlement?
     Who Is Included In Class?                                                               Page  5
What Are Lead Plaintiffs' Reasons For The Settlement?                                        Page  6
What Might Happen If There Were No Settlement?                                               Page  7
How Are Class Members Affected By The Action And The Settlement?                             Page  7
How Do I Participate In The Settlement?  What Do I Need To Do?                                Page  8
How Much Will My Payment Be?                                                                 Page  9
What Payment Are The Attorneys For The Class Seeking?
     How Will The Lawyers Be Paid?                                                           Page 12
What If I Do Not Want To Be A Member Of The Class?
     How Do I Exclude Myself?                                                                Page 12
When And Where Will The Court Decide Whether To Approve The
     Settlement?  Do I Have To Participate In The Hearing?  May I Speak At
     The Hearing If I Don't Like The Settlement?                                             Page 13
What If I Bought Shares On Someone Else's Behalf?                                            Page 14
Can I See The Court File?  Whom Should I Contact If I Have
     Questions?                                                                              Page 15

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be made available to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired YRC Securities during the Class Period.  You therefore might be a Class Member in this Action, so you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation, the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also designed to inform you of the terms of the proposed Settlement, of your right to object to it, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and Lead Plaintiffs' application for an award of costs (the "Fairness Hearing").  *See* ¶¶ 75-76 below for details about the Fairness Hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    YRC is a shipping company.  Its common stock traded on the NASDAQ under the symbol "YRCW" during the Class Period.  Lead Plaintiffs allege that Defendants made false and misleading statements and material omissions about YRC's business and financial condition during the Class Period, but did not disclose that YRC purportedly had been overcharging customers and was being investigated by the U.S. Department of Justice.  Lead Plaintiffs allege that those misstatements or omissions inflated the price of YRC Securities during the Class Period and that the price declined when the Department of Justice announced that it had sued YRC because of the purported overcharges.  Defendants have denied those allegations.

12.    On January 2, 2019, Christina Lewis filed a class-action complaint in the United States District Court for the Northern District of New York (the "Court"), asserting federal securities claims against YRC and certain of its present or former executive officers.

13.    By Order dated April 25, 2019, the Court appointed City of Warwick Retirement Fund and Peter Szabo as Lead Plaintiffs for the Action and approved Lead Plaintiffs' selection of Kaplan Fox & Kilsheimer LLP and Pomerantz LLP as Lead Counsel.

14.    On June 19, 2019, Lead Plaintiffs filed and served their Amended Class Action Complaint ("Complaint").  The Complaint asserted claims against YRC and four of its present or former officers (James L. Welch, YRC's former Chief Executive Officer; Jamie G. Pierson, YRC's former Chief Financial Officer; Stephanie D. Fisher, YRC's then-Chief Financial Officer; and Darren D. Hawkins, YRC's Chief Executive Officer) under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the individual defendants under Section 20(a) of the Exchange Act.  The Complaint alleged that Defendants had made materially false and misleading statements during the Class Period about YRC's business, operations, financial results, and compliance with generally accepted accounting principles.  The Complaint further contended that Defendants had failed to disclose that YRC's alleged overcharging of customers was inflating the Company's financial results and that the Company was being investigated by the Department of Justice.  In addition, the Complaint alleged that the price of YRC Securities was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the "truth" was revealed upon the announcement of the Department of Justice's suit in December 2018.

15.    Defendants moved to dismiss the Complaint, and the Court granted the motion in its entirety on March 27, 2020.  The Court held that Defendants had not made any false or misleading statements and, in any event, had not acted with the wrongful state of mind required under the federal securities laws.

16.    On April 27, 2020, Lead Plaintiffs appealed the dismissal of their case.  The Parties then fully briefed the appeal in the United States Court of Appeals for the Second Circuit.

17.    While the appeal was pending, the Parties discussed the possibility of resolving the appeal through settlement and agreed to mediation before the Hon. Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS (the "Mediators").  The parties then held two full-day mediation sessions with the Mediators on February 1 and 2, 2021.  During the mediation sessions, the Parties engaged in vigorous settlement negotiations with the assistance of the Mediators, and, at the conclusion of the second day, the Settling Parties reached an agreement in principle to settle the Action for $2,100,000, based on a recommendation by the Mediators.  That same day, the Settling Parties executed a Term Sheet setting forth their agreement in principle to settle and release all claims asserted in the Action in return for a cash payment by or on behalf of Defendants of $2,100,000 for the benefit of the Class, subject to certain terms and conditions (including the completion of Due-Diligence Discovery by Lead Plaintiffs), the execution of a stipulation and agreement of settlement and related papers, and approval by the Court.  At the Parties' request, the Second Circuit then stayed the pending appeal and remanded the case to the Court so it could consider the proposed Settlement.

18.    On April 12, 2021, the Parties entered into the Settlement Agreement, which contains the complete terms and conditions of the Settlement.  The Settlement Agreement is available at www.YRCSecuritiesSettlement.com.  You should read it if you want a full understanding of its terms.

19.    The Settlement Agreement is subject to the completion of Due-Diligence Discovery to confirm the fairness of the Settlement.  Pursuant to the Settlement Agreement, Lead Plaintiffs have the right to withdraw from and terminate the Settlement at any time before filing their motion in support of final approval of the Settlement if information produced during Due-Diligence Discovery causes Lead Plaintiffs and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable, and adequate.

20.    On April 19, 2021, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be disseminated to potential Class Members, and scheduled the Fairness Hearing to consider whether to grant final approval of the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE CLASS?**

---

21.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of:

    all persons and entities who purchased or otherwise acquired YRC Securities during the period from March 10, 2014, through December 14, 2018, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Class are:

a.  such persons or entities who submit valid and timely requests for exclusion from the Class (For information on how to submit a request for exclusion, see "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" on page 12 below.);

b.  such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees (defined below in ¶ 34) arising out of or related to the Released Class Claims (defined below in ¶ 33); and

c.  YRC and (*i*) all officers and directors of YRC during the Class Period (including James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins), (*ii*) YRC's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which YRC or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you must submit the Claim Form that is available with this Notice, as well as the required supporting documentation described in the Claim Form, postmarked no later than August 17, 2021.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

22.  Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the difficulties of obtaining a reversal of their case on appeal, as well as the expense and length of continued proceedings necessary to pursue their claims through trial and appeals even if they prevail on the current appeal, as well as the very substantial risks they would face in establishing liability and damages.

23.  First, Lead Plaintiffs would have faced substantial risks from the pending appeal.  The Court had completely dismissed all of Lead Plaintiffs' claims, and Lead Plaintiffs would have faced significant hurdles in trying to obtain a reversal on appeal.

24.  Second, even if Lead Plaintiffs were to have prevailed on appeal, they still would have faced substantial challenges in developing facts to survive summary judgment or establish Defendants' liability at trial.  Lead Plaintiffs would have faced challenges showing that Defendants' statements about YRC's business and financial results were materially false and misleading.  Defendants likely would have contended that each of these statements was factually true and therefore non-actionable, and that at least some of them were mere corporate optimism or "puffery" and therefore non-actionable.  Lead Plaintiffs would also have faced challenges in proving that Defendants made the alleged misstatements with the intent to mislead investors or were reckless in making those statements.  Even if Lead Plaintiffs could have established their allegations about YRC's overcharging its customers, they would have needed to prove that the Defendants who made statements about the company's financial position and business operations knew, or were reckless in not knowing, that those statements were false or misleading because of the underlying overcharge allegations.

25.  In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, and subject to the satisfactory completion of Due-Diligence Discovery, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $2,100,000 in cash (plus interest, and less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after the pending appeal or after summary judgment, trial, and other appeals, possibly years in the future.

26.  Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants also believe that they would prevail on the pending appeal if this case were not settled.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27.    If there were no Settlement and Lead Plaintiffs failed to win on appeal or to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful on the appeal, or in proving any of their defenses at summary judgment, at trial, or on later appeals, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

28.    As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but, if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

29.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" below.

30.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiffs' PSLRA Award, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

31.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court even if you have pending or later file any claim or lawsuit against the Releasees (as defined in ¶ 34 below) relating to the Released Class Claims (as defined in ¶ 33 below).  If the Settlement is approved, the Court will enter a judgment (the "Judgment") and a final approval order (the "Approval Order").  The Judgment and Approval Order will dismiss with prejudice the claims against Defendants and will provide that, upon the Final Settlement Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.    all Released Class Claims (as defined in ¶ 33 below) against each and every one of the Releasees (as defined in ¶ 34 below);

b.    all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the Action, (ii) the Settlement Agreement or its implementation, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms submitted in connection with the Settlement; and

c.    all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Lead Plaintiffs or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

32.    In addition, the Judgment and Approval Order will provide that:

a.    all Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for

any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

b.    all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

33.    "Released Class Claims" means each and every Claim that (*i*) arises from or relates to the Action (including all Claims alleged in the Complaint) and is asserted against the Releasees or (*ii*) could have been or could be asserted against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, and such Claim arises out of or relates to the purchase or other acquisition of YRC Securities, or to any other Investment Decision, during the Class Period; *provided, however*, that the term "Released Class Claims" does not include (and will not release or impair) (*i*) any shareholder derivative action, including without limitation the claims asserted in *Bhandari v. Carty*, No. 2021-0090 (Del. Ch.), or (*ii*) any claims to enforce this Settlement Agreement..

34.    "Releasees" means YRC, its affiliates, and their current and former officers (including Messrs. Welch, Pierson, and Hawkins and Ms. Fisher), directors, employees, agents, representatives, counsel, advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and other certain persons and entities affiliated with or related to them.  The full definition of Releasees is set forth in the Settlement Agreement, available at www.YRCSecuritiesSettlement.com.

35.    The Judgment and Approval Order will also provide that, upon the Final Settlement Date, all Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

36.    "Released Releasees Claims" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee, including Defendants and their successors and assigns, or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, against Lead Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel), including their successors and assigns, or his, her, its, or their respective estates, heirs, executors, agents, attorneys (including in-house counsel and outside counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

37.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **no later than August 17, 2021**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.YRCSecuritiesSettlement.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 265-3022 or by emailing the Claims Administrator at info@YRCSecuritiesSettlement.com.  Please retain all records of your ownership of and transactions in YRC Securities, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in YRC Securities.

38.    If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Amount.

| HOW MUCH WILL MY PAYMENT BE? |
| :-: |

39.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

40.   Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $2,100,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court, and if the Final Settlement Date occurs, the "Net Settlement Amount" (that is, the Settlement Fund less (i) any Tax Expenses; (ii) any Notice and Administration Expenses; and (iii) any attorneys' fees and expenses awarded to Plaintiffs' Counsel or Lead Plaintiffs by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other Plan of Allocation as the Court may approve.

41.   The Net Settlement Amount will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

42.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Amount, or the Plan of Allocation.

43.   Approval of the Settlement is independent from approval of a Plan of Allocation. Any determination about a Plan of Allocation will not affect the Settlement, if approved.

44.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before August 17, 2021, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Class and be subject to the provisions of the Settlement Agreement, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Class Claims (as defined in ¶ 33 above) against the Releasees (as defined in ¶ 34 above) and will be barred and enjoined from prosecuting any of the Released Class Claims against any of the Releasees whether or not such Class Member submits a Claim Form.

45.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

46.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

47.   Only members of the Class will be eligible to share in the distribution of the Net Settlement Amount. Persons and entities that are excluded from the Class by definition or that request exclusion from the Class will not be eligible for a payment and should not submit Claim Forms. The only securities that are included in the Settlement are YRC Securities.

## PROPOSED PLAN OF ALLOCATION

48.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Amount to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Amount.

49.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must have been the cause of the decline in the price of the YRC Securities. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from March 10, 2014, through December 14, 2018, inclusive, which had the effect of artificially inflating the price of YRC Securities. Lead Plaintiffs further allege that corrective information was released to the market on December 14, 2018, and that the newly disclosed information removed the artificial inflation from the price of YRC Securities on that date.

50.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of YRC Securities allegedly caused by Defendants' allegedly false and misleading statements and

material omissions.    In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on that day that were attributable to market or industry forces.

51.    Recognized Loss Amounts for transactions in YRC Securities are calculated under the Plan of Allocation based primarily on the difference between the amount of alleged artificial inflation in the price of YRC Securities at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount, a Class Member who purchased YRC Securities during the Class Period must have held his, her, or its shares through at least 10:42 a.m. EST on December 14, 2018.[4]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

52.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of YRC Securities during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

53.    For each share of YRC Securities purchased during the period from March 10, 2014, through December 14, 2018, inclusive, and

    a)  sold before December 14, 2018, at 10:42 a.m. EST, the Recognized Loss Amount is zero;

    b)  sold on or after December 14, 2018, at 10:42 a.m. EST[5] through the close of trading on March 13, 2019, the Recognized Loss Amount is ***the least of:*** (i) $1.21; (ii) the purchase price per share *less* the sales price per share; or (iii) the purchase price per share *less* the average closing price per share applicable to the date of sale as found in Table A at the end of this Notice; or

    c)  held at the close of trading on March 13, 2019, the Recognized Loss Amount is ***the lesser of:*** (i) $1.21 per share; or (ii) the purchase price per share *less* $5.77.[6]

54.    For each share of YRC Securities purchased after December 14, 2018, at 10:42 a.m. EST, the Recognized Loss Amount is zero.

## ADDITIONAL PROVISIONS

55.    The Net Settlement Amount will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 64 below) is $20.00 or greater.

56.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above for all purchases of YRC Securities during the Class Period.

57.    **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of YRC Securities during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of YRC Securities at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

---

[4] The alleged corrective disclosure revealing the allegedly misrepresented information was disseminated at 10:42 a.m. EST on December 14, 2018.

[5] Trades on December 14, 2018, at a price at or above $4.28 will be considered to have occurred before 10:42 am EST, while trades below $4.28 will be considered to have occurred after 10:42 am EST.

[6] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of YRC Securities during the 90-day look-back period from December 14, 2018, through March 13, 2019, inclusive, was $5.77.

58.    **"Purchase/Sale" Dates:**  Purchases and sales of YRC Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of YRC Securities in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of YRC Securities during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount; nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the YRC Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, the decedent, or anyone else as to those shares.

59.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the YRC Securities.  The date of a "short sale" is deemed to be the date of sale of the YRC Securities.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

60.    If a Claimant has an opening short position in YRC Securities, the earliest purchases or acquisitions of YRC Securities during the Class Period will be matched against such opening short position, and will not be entitled to a recovery, until that short position is fully covered.

61.    **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  For shares of YRC Securities purchased or sold through the exercise of an option, the purchase/sale date of the YRC Securities is the exercise date of the option, and the purchase/sale price is the closing price of YRC Securities on the date of exercise.

62.    **Market Gains and Losses:**  The Claims Administrator will determine whether the Claimant had a "Market Gain" or a "Market Loss" on his, her, or its overall transactions in YRC Securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Total Sales Proceeds[8] and the Claimant's Holding Value.[9]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

63.    If a Claimant had a Market Gain from his, her, or its overall transactions in YRC Securities, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement, but will nonetheless be bound by the Settlement.  If a Claimant suffered an overall Market Loss from his, her, or its overall transactions in YRC Securities but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

64.    **Determination of Distribution Amount:**  The Net Settlement Amount will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  A "Distribution Amount" will be calculated for each Authorized Claimant.  That Distribution Amount shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Amount.

65.    If an Authorized Claimant's Distribution Amount calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

66.    After the initial distribution of the Net Settlement Amount, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain after the

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all YRC Securities purchased or acquired during the Class Period.

[8] The Claims Administrator shall match any sales of YRC Securities during the Class Period first against the Claimant's opening position in YRC Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes, and commissions) for sales of the remaining YRC Securities sold during the Class Period is the "Total Sales Proceeds."

[9] The Claims Administrator shall ascribe a "Holding Value" of $5.77 per share of YRC Securities purchased during the Class Period that was still held as of the close of trading on December 14, 2018.

initial distribution, and if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $20.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $20.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining is not cost-effective, Lead Counsel will seek instructions from the Court.

67.    Payment pursuant to the proposed Plan of Allocation, or such other Plan of Allocation as may be approved by the Court, will be conclusive against all Claimants. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Amount, any Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

68.    The Plan of Allocation set forth herein is the plan that Lead Plaintiffs, after consultation with their damages expert, are proposing to the Court for approval. The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.YRCSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

69.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class; nor have Plaintiffs' Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund. Lead Counsel have a retention agreement with Lead Plaintiffs that provides for a contingency fee to be awarded to Lead Counsel after notice to the class and approval by the Court. At the same time as they file a motion for attorneys' fees, Lead Counsel also intend to apply for payment of litigation expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $140,000, and for the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA, in an amount not to exceed a total of $5,000. The Court will determine the amount of any award of attorneys' fees and expenses to Plaintiffs' Counsel or any PSLRA Award to Lead Plaintiffs. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members will not be personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

70.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *YRC Worldwide Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The Request for Exclusion must be ***received no later than July 21, 2021***. You will not be able to exclude yourself from the Class after that date. A potential Class Member's Request for Exclusion must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *Lewis v. YRC Worldwide Inc.*, No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.), (*vi*) the number of shares of YRC Securities held as of opening of trading on March 10, 2014, and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides

all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

71.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Class Claim against any of the Releasees.

72.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Amount.

73.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO PARTICIPATE IN THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

74.     **Class Members do not need to participate in the Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not speak at or otherwise observe the hearing.  You can participate in the Settlement without attending the Fairness Hearing.**

75.     <u>**Please Note**</u>**:** The date and time of the Fairness Hearing may change without further written notice to the Class. In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Fairness Hearing by telephonic or video conference, or otherwise allow both counsel for the Parties and Class Members to appear at the hearing by phone or video, without further written notice to the Class.  **To determine whether the date and time of the Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, you should monitor the Court's docket and the Settlement website, <u>www.YRCSecuritiesSettlement.com</u>, before making any plans to attend the Fairness Hearing in person.  Any updates regarding the Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video appearances at the hearing, will be posted to the Settlement website, <u>www.YRCSecuritiesSettlement.com</u>.  Also, if the Court requires or allows Class Members to participate in the Fairness Hearing by telephone or video, the information for accessing the conference will be posted to the website.**

76.     The Fairness Hearing will be held on **August 18, 2021, at 11:00 a.m.**, before Chief Judge Glenn T. Suddaby, at the United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261 via video through Microsoft Teams to determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should be certified as Class Representatives for the Class, and Lead Counsel should be appointed as Class Counsel for the Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the Releases specified and described in the Settlement Agreement (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and litigation expenses and Lead Plaintiffs' motion for costs and expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses; and/or consider any other matter related to the Settlement at or after the Fairness Hearing without further notice to the members of the Class.

77.     Any Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiffs' application for expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of New York at the address set forth below **on or before July 21, 2021**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before July 21, 2021**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Kaplan Fox & Kilsheimer LLP** | **Proskauer Rose LLP** |
| Northern District of New York | Jeffrey P. Campisi, Esq. | Jonathan E. Richman, Esq. |
| 100 S. Clinton Street | 850 Third Avenue, 14th Floor | Eleven Times Square |
| Syracuse, NY 13261 | New York, NY 10022 | New York, NY 10036 |

**Pomerantz LLP**
Michael J. Wernke, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016

You must also *email* the objection and any supporting papers on or before July 21, 2021, to jcampisi@kaplanfox.com, mjwernke@pomlaw.com, and jerichman@proskauer.com.

78.    Any objection must state the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition to the reason(s) for the objection, an objection must also include the name and docket number of this case (*Lewis v. YRC Worldwide Inc.*, No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.)) and the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) number of shares of YRC Securities held as of opening of trading on March 10, 2014, and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses if you exclude yourself from the Class or if you are not a member of the Class.

79.    You may file a written objection without having to speak at the Fairness Hearing.  You may not, however, speak at the Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

80.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses, and if you have timely filed and served a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 77 above so that it is *received* **on or before July 21, 2021**.  Persons who intend to object and present evidence at the Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

81.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Fairness Hearing.  However, if you decide to hire an attorney, you may do so at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 77 above so that the notice is *received* **on or before July 21, 2021**.

82.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses.  Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the proposed Settlement.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83.    If you purchased or otherwise acquired YRC Securities during the period from March 10, 2014, through December 14, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within fourteen (14) calendar days after receipt of this Notice or the short-form Postcard Notice (whichever is earlier), request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and then, within fourteen (14) calendar days after receipt of those short-form Postcard Notices, forward them to all such beneficial owners; or (ii) within fourteen (14) calendar days after receipt of this Notice or the short-form Postcard Notice

(whichever is earlier), provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *YRC Worldwide Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173127, Milwaukee, WI 53217, or info@YRCSecuritiesSettlement.com.  If you choose the second option, the Claims Administrator will send a copy of the short-form Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.YRCSecuritiesSettlement.com, by calling the Claims Administrator toll-free at (877) 265-3022, or by emailing the Claims Administrator at info@YRCSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

84.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you should review the papers on file in the Action, including the Settlement Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261.  The Court file also is available online if you have access to the Court's PACER system.  Additionally, copies of the Settlement Agreement and any related orders entered by the Court will be posted on the Settlement website, www.YRCSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *YRC Securities Litigation* | and/or | Jeffrey P. Campisi, Esq. |
| c/o A.B. Data, Ltd. | | Kaplan Fox & Kilsheimer LLP |
| P.O. Box 173127 | | 850 Third Avenue, 14th Floor |
| Milwaukee, WI 53217 | | New York, NY 10022 |
| (877) 265-3022 | | (212) 687-1980 |
| info@YRCSecuritiesSettlement.com | | jcampisi@kaplanfox.com |
| www.YRCSecuritiesSettlement.com | | |

Michael J. Wernke, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
mjwernke@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 19, 2021

By Order of the Court
United States District Court
Northern District of New York

**Table A**

**YRC Securities Average Closing Price by Sale Date**
**December 14, 2018 – March 13, 2019**

| Sale / Disposition Date | Average Closing Price | Sale / Disposition Date | Average Closing Price | Sale / Disposition Date | Average Closing Price |
|---|---|---|---|---|---|
| 12/14/2018 | $3.17 | 1/15/2019 | $3.76 | 2/13/2019 | $4.97 |
| 12/17/2018 | $3.34 | 1/16/2019 | $3.84 | 2/14/2019 | $5.03 |
| 12/18/2018 | $3.43 | 1/17/2019 | $3.92 | 2/15/2019 | $5.08 |
| 12/19/2018 | $3.47 | 1/18/2019 | $4.01 | 2/19/2019 | $5.14 |
| 12/20/2018 | $3.47 | 1/22/2019 | $4.07 | 2/20/2019 | $5.20 |
| 12/21/2018 | $3.42 | 1/23/2019 | $4.13 | 2/21/2019 | $5.27 |
| 12/24/2018 | $3.35 | 1/24/2019 | $4.19 | 2/22/2019 | $5.33 |
| 12/26/2018 | $3.26 | 1/25/2019 | $4.24 | 2/25/2019 | $5.40 |
| 12/27/2018 | $3.24 | 1/28/2019 | $4.30 | 2/26/2019 | $5.45 |
| 12/28/2018 | $3.23 | 1/29/2019 | $4.35 | 2/27/2019 | $5.51 |
| 12/31/2018 | $3.23 | 1/30/2019 | $4.40 | 2/28/2019 | $5.55 |
| 1/2/2019 | $3.24 | 1/31/2019 | $4.45 | 3/1/2019 | $5.59 |
| 1/3/2019 | $3.25 | 2/1/2019 | $4.51 | 3/4/2019 | $5.63 |
| 1/4/2019 | $3.27 | 2/4/2019 | $4.57 | 3/5/2019 | $5.66 |
| 1/7/2019 | $3.31 | 2/5/2019 | $4.64 | 3/6/2019 | $5.67 |
| 1/8/2019 | $3.36 | 2/6/2019 | $4.70 | 3/7/2019 | $5.69 |
| 1/9/2019 | $3.42 | 2/7/2019 | $4.75 | 3/8/2019 | $5.70 |
| 1/10/2019 | $3.47 | 2/8/2019 | $4.81 | 3/11/2019 | $5.72 |
| 1/11/2019 | $3.56 | 2/11/2019 | $4.86 | 3/12/2019 | $5.75 |
| 1/14/2019 | $3.67 | 2/12/2019 | $4.91 | 3/13/2019 | $5.77 |

# EXHIBIT C

*YRC Worldwide Inc. Securities Litigation*
**Toll-Free Number: (877) 265-3022**
**Email:  info@YRCSecuritiesSettlement.com**
**Website:  www.YRCSecuritiesSettlement.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Amount in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, *postmarked* **no later than August 17, 2021**.

      **Mail to:**

*YRC Worldwide Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173127**
**Milwaukee, WI 53217**

***You need to submit this Claim Form if you want to make a claim to share in the settlement payment in this lawsuit.  If you fill out this Claim Form in accordance with the instructions below, you might be eligible to receive a cash payment if the Court approves the proposed Settlement.***

If you do not submit your Claim Form by the date specified, your claim may be rejected, and you may be precluded from being eligible to receive a payment from the Settlement.

Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN YRC SECURITIES** **(NASDAQ TICKER:** YRCW[1]**; CUSIP:** 984249607**)** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6** |

---

[1] Effective February 8, 2021, the ticker symbol for YRC Securities changed from "YRCW" to "YELL," and the CUSIP changed from 984249607 to 985510106.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided below.

Beneficial Owner's Name

First Name                                                              Last Name

Joint Beneficial Owner's Name *(if applicable)*

First Name                                                              Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive to be made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable *(executor, administrator, trustee, c/o, etc.)*, if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                    State/Province                    Zip Code

Foreign Postal Code *(if applicable)*        Foreign Country *(if applicable)*

Telephone Number (Day)                        Telephone Number (Evening)

Email Address (email address is not required, but, if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                 ☐ Other-describe:  `

**PART II – GENERAL INSTRUCTIONS**

1.       It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Amount set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Amount will be distributed if the Court approves the Settlement and Plan of Allocation. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases provided for in this Claim Form.

2.       By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (*see* the definition of the Class on page 5 of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.       **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Amount will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.       Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, publicly traded securities of YRC Worldwide Inc. ("YRC"). On this schedule, provide all of the requested information about your holdings, purchases, acquisitions, and sales of YRC Securities (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.       **Please note**: Only YRC Securities purchased during the Class Period (*i.e.*, from March 10, 2014, through December 14, 2018, inclusive) are eligible under the Settlement. However, sales of YRC Securities during the period from December 15, 2018, through and including the close of trading on March 13, 2019, will be used for purposes of calculating your claim under the Plan of Allocation. Although purchases and acquisitions during the period from December 15, 2018, through March 13, 2019, are not eligible for payment, you must provide information about them so that the Claims Administrator can balance your claim – *i.e.*, confirm that all transactions have been included by checking whether (a) the number of shares you held at the opening of trading on March 10, 2014, *plus* the number of shares you purchased/acquired from March 10, 2014, through March 13, 2019, *is equal to* (b) the number of shares you sold from March 10, 2014, through March 13, 2019, *plus* the number of shares you held at the close of trading on March 13, 2019.

6.       You must submit genuine and sufficient documentation for all of your transactions in and holdings of YRC Securities as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in YRC Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.       Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the YRC Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the YRC Securities in your own name, you were the beneficial owner as well as the record owner. If, however, your YRC Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form, and their names must appear as "Claimants" in Part I of this Claim Form.

8.       **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just

one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the YRC Securities; and

(c)    furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers' demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the YRC Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner of that stock.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements it contains and the genuineness of the documents attached to it, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Amount.  If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@YRCSecuritiesSettlement.com, or by toll-free phone at (877) 265-3022, or you can visit the Settlement website, www.YRCSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the **mandatory** electronic filing requirements and file layout, you may visit the Settlement website at www.YRCSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@YRCSecuritiesSettlement.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above), and the **complete** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your electronic file has been received until you receive this email.  If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at info@YRCSecuritiesSettlement.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS AFTER YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL-FREE AT (877) 265-3022.**

**PART III – SCHEDULE OF TRANSACTIONS IN YRC SECURITIES**

Use this section to provide information on your holdings and trading of YRC Securities (NASDAQ Ticker Symbol: YRCW; CUSIP: 984249607) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.

| | |
|---|---|
| **1.  HOLDINGS AS OF MARCH 10, 2014**– State the total number of YRC Securities held as of the opening of trading on March 10, 2014.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed<br>○ |

**2.  PURCHASES/ACQUISITIONS FROM MARCH 10, 2014, THROUGH DECEMBER 14, 2018** – Separately list each and every purchase or acquisition (including free receipts) of YRC Securities from after the opening of trading on March 10, 2014, through December 14, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Result of an Option Transaction? (Yes/No) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|---|
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |

**3.  PURCHASES/ACQUISITIONS FROM DECEMBER 15, 2018, THROUGH MARCH 13, 2019** – State the total number of YRC Securities purchased or acquired (including free receipts) from December 15, 2018, through the close of trading on March 13, 2019.  If none, write "zero" or "0." _____

| | |
|---|---|
| **4.  SALES FROM MARCH 10, 2014, THROUGH MARCH 13, 2019** – Separately list each and every sale or disposition (including free deliveries) of YRC Securities from after the opening of trading on March 10, 2014, through and including the close of trading on March 13, 2019.  (Must be documented.) | **IF NONE, CHECK HERE**<br>○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Result of an Option Transaction? (Yes/No) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|---|
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |
| / / | | $ | $ | | ○ |

| | |
|---|---|
| **5.  HOLDINGS AS OF MARCH 13, 2019** – State the total number of YRC Securities held as of the close of trading on March 13, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed<br>○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

**PART IV - RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

1.   I (we) hereby acknowledge that, pursuant to the terms set forth in the Settlement Agreement, without further action by anyone, upon the Final Settlement Date, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

   a.   all Released Class Claims (as defined in the Notice) against each and every one of the Releasees (as defined in the Notice);

   b.   all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

   c.   all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Lead Plaintiffs or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

2.   In addition, the Judgment and Approval Order will provide that:

   a.   all Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

   b.   all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

   1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

   2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

   3.      that the claimant(s) did *not* submit a request for exclusion from the Class;

   4.      that I (we) own(ed) the YRC Securities identified in the Claim Form and have not assigned the claim

against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of YRC Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, it, or they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                  Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                          Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page 4 of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation, as these documents will not be returned to you.  Keep the original documents.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days after your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (877) 265-3022.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@YRCSecuritiesSettlement.com, or by toll-free phone at (877) 265-3022, or you may visit www.YRCSecuritiesSettlement.com.  DO NOT call YRC or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN AUGUST 17, 2021,** ADDRESSED AS FOLLOWS:

***YRC Worldwide Inc. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173127**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before August 17, 2021, is indicated on the envelope and the Claim Form is mailed First-Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT D

*(Fund performance tables — Artisan Funds, Baird Funds, Baron Instl, Baron Retail, Baron Funds, Berkshire Funds, BlackRock, BlackRock BlRk, BlackRock C, BlackRock A, BlackRock Instl, BlackRock K, BlackRock R, BlackRock Svc, BNY Mellon, BridBuild, Bridgeway Funds, Brown Advisory, Brown Capl Mgmt, Buffalo Funds, Calamos Funds, Calvert Group, Carillon Family, ClearBridge Inv, Columbia A, Columbia C, Columbia LT&G, Columbia R, Columbia Y, Columbia Z, Columbia Funds, Commerce Funds, Conestoga Cap Adv, CONGRESS, Davenport Funds, DealwareInv, Delaware A, Delaware C, Delaware Instl, Delaware R, DEUTSCHE Asst & Wealth, Diamond Hill Funds, Dimensional Funds, Dodge&Cox, Domini Soc Inv, Doubleline Funds, Dreyfus, DREYFUS A, DREYFUS C, DREYFUS I, Driehaus Funds, DWS Funds A, DWS Funds C, DWS Funds S, DWS Funds Instl, Eagle Funds, Eaton Vance C, Eaton Vance Instl, EdgeWood, Emerald Funds, FAM Funds, Federated Hermes, Federated Hermes A, Federated Hermes B, Federated Hermes C, Columbia Funds, Fidelity, Fidelity Adv A, Fidelity Adv C, Fidelity Adv I, Fidelity Freedom, Fidelity Select, Fidelity Spartan Adv, Fidelity Invest, FidityAdvFoc C, First Eagle, Forum Funds, Frank/Tmp Mutual R, Frank/Tmp Tp A, Frank/Tmp TpAd, Frank/Tmp TpB/C, Franklin A, Franklin AdV, FranklinInvC, G-H-I, Gabelli, Gabelli AAA, GMO Trust VI, GoldmanSachs A, GoldmanSachs C, GoldmanSachs In, GreatWest, Homestead, Green Century, Guidemark, Guidestone, Guinness Atkinson, GurdianT, Harbor Funds, Hartford A, Hartford C, Hartford HLS IA, Hartford HLS IB, FranklinInvR, FrostFunds, Hartford I, Hartford R3, Hartford R4, Hartford R5, Hartford Y, Kinetics Funds, J-K-L, J Hancock A, J Hancock C, Jackson, Janus Henderson, Jensen Inv Management, JP Morgan A, JP Morgan C, JP Morgan Fds, JP Morgan Instl, JP Morgan R5, JP Morgan R6, JP Morgan Select, Legg Mason, Legg Mason A, Legg Mason C, Legg Mason I, LKCM Funds, Lord Abbett A, Lord Abbett C, Lord Abbett F, Lord Abbett I, Lord Abbett P, Lord Abbett R3, M-N-O, Madison Funds, Mairs & Power, Managed Portfolio Funds, MainGate A Fds, MainStay B Fds, MainStay A, Mass Mutl Instl, Mass Mutl Prem, Mass Mutl Select, MassMutual, Matthew25, Matthews Asia, Mellon Funds, Meridian Funds, Metro West, MFS Funds A, MFS Funds B, MFS Funds C, MFS Funds I)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

YRC WORLDWIDE INC., *et al.*,

Defendants.

No. 1:19-cv-00001-GTS-ATB

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons and entities who purchased or otherwise acquired publicly traded securities of YRC Worldwide Inc. ("YRC") during the period from March 10, 2014, through December 14, 2018, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, City of Warwick Retirement Fund and Peter Szabo, have reached a proposed settlement of the Action for $2,100,000 in cash (the "Settlement"), which, if approved, will resolve all claims in the Action.

A hearing will be held on **August 18, 2021, at 11:00 a.m.**, before the Chief Judge Glenn T. Suddaby, at the United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261, via video through Microsoft Teams, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, solely for purposes of the proposed Settlement, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should be certified as Class Representatives for the Class, and Lead Counsel should be appointed as class counsel for the Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the releases specified and described in the Settlement Agreement dated as of April 12, 2021 (and in the Notice), should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for an award of attorneys' fees and expenses and Lead Plaintiffs' motion for costs and expenses should be approved. If the hearing is held by telephone or videoconference, information on how to participate will be posted at www.YRCSecuritiesSettlement.com.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement. If you have not yet received the Notice and Claim Form, you may get copies of them by contacting the Claims Administrator at *YRC Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173127, Milwaukee, WI 53217; (877) 265-3022; or info@YRCSecuritiesSettlement.com. You also can download copies of the Notice and Claim Form from the Settlement website, www.YRCSecuritiesSettlement.com.

If you are a member of the Class, you must submit a Claim Form *postmarked* no later than August 17, 2021, to be eligible to receive a payment from the Settlement. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion that is *received* no later than July 21, 2021, in accordance with the instructions in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement, even if you have pending or later file another lawsuit or other proceeding against the Releasees related to the claims covered by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than July 21, 2021, in accordance with the instructions in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their lawyers regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*YRC Worldwide Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173127
Milwaukee, WI 53217
(877) 265-3022
info@YRCSecuritiesSettlement.com
www.YRCSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel for the Class:

KAPLAN FOX & KILSHEIMER LLP
Jeffrey P. Campisi, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980
jcampisi@kaplanfox.com

POMERANTZ LLP
Michael J. Wernke, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
mjwernke@pomlaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.YRCSecuritiesSettlement.com.

# EXHIBIT E

# Kaplan Fox & Kilsheimer LLP and Pomerantz LLP Announce a Notice of Pendency of Class Action and Proposed Settlement in Lewis v. YRC Worldwide Inc.

NEWS PROVIDED BY
**Kaplan Fox & Kilsheimer LLP and Pomerantz LLP →**
May 10, 2021, 10:30 ET

NEW YORK, May 10, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,**<br><br>          **Plaintiff,**<br><br>  v.<br><br>**YRC WORLDWIDE INC.,** *et al.*,<br><br>         **Defendants.** | No. 1:19-cv-00001-GTS-ATB |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons and entities who purchased or otherwise acquired publicly traded securities of YRC Worldwide Inc. ("YRC") during the period from March 10, 2014, through December 14, 2018, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**Please read this notice carefully. your rights will be affected by a class action lawsuit pending in this court.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, City of Warwick Retirement Fund and Peter Szabo, have reached a proposed settlement of the Action for $2,100,000 in cash (the "Settlement"), which, if approved, will resolve all claims in the Action.

A hearing will be held on **August 18, 2021, at 11:00 a.m.**, before the Chief Judge Glenn T. Suddaby, at the United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261, via video through Microsoft Teams, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, solely for purposes of the proposed Settlement, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should be certified as Class Representatives for the Class, and Lead Counsel should be appointed as class counsel for the Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the releases specified and described in the Settlement Agreement dated as of April 12, 2021 (and in the Notice), should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for an award of attorneys' fees and expenses and Lead Plaintiffs' motion for costs and expenses should be approved.  If the hearing is held by telephone or videoconference, information on how to participate will be posted at www.YRCSecuritiesSettlement.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement**.  If you have not yet received the Notice and Claim Form, you may get copies of them by contacting the Claims Administrator at *YRC Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173127, Milwaukee, WI 53217; (877) 265-3022; or info@YRCSecuritiesSettlement.com.  You also can download copies of the Notice and Claim Form from the Settlement website, http://www.YRCSecuritiesSettlement.com.

If you are a member of the Class, you must submit a Claim Form *postmarked no later than August 17, 2021*, to be eligible to receive a payment from the Settlement.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion that is *received no later than July 21, 2021*, in accordance with the instructions in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to receive a payment from the Settlement.  Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement, even if you have pending or later file another lawsuit or other proceeding against the Releases related to the claims covered by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than July 21, 2021*, in accordance with the instructions in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their lawyers regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*YRC Worldwide Inc. Securities Litigation*

c/o A.B. Data, Ltd.

P.O. Box 173127

Milwaukee, WI 53217

(877) 265-3022

info@YRCSecuritiesSettlement.com

www.YRCSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel for the Class:

KAPLAN FOX & KILSHEIMER LLP

Jeffrey P. Campisi, Esq.

850 Third Avenue, 14th Floor

New York, NY 10022

(212) 687-1980

jcampisi@kaplanfox.com

POMERANTZ LLP

Michael J. Wernke, Esq.

600 Third Avenue, 20th Floor

New York, NY 10016

(212) 661-1100

mjwernke@pomlaw.com

By Order of the Court

Source:

Kaplan Fox & Kilsheimer LLP and Pomerantz LLP

[1] Certain persons and entities are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.YRCSecuritiesSettlement.com.

SOURCE Kaplan Fox & Kilsheimer LLP and Pomerantz LLP