# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA LEWIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YRC WORLDWIDE INC., JAMES L. WELCH, JAMIE G. PIERSON, STEPHANIE D. FISHER, and DARREN D. HAWKINS,<br><br>Defendants. | Case No. 1:19-cv-00001-GTS-ATB |

## DECLARATION OF THE HON. DANIEL WEINSTEIN (RET.)

I, Daniel Weinstein, declare as follows:

1. I am a mediator of complex actions with JAMS, based in San Francisco, California and New York, New York. I have been involved in alternative dispute resolution of securities class actions such as this for approximately 25 years. Prior to joining JAMS, I served as a Superior Court Judge in San Francisco, California and was an Associate Justice Pro-Tem on the California Supreme Court and First District Court of Appeal. During my years on the bench, I presided over numerous trials.

2. I have been recognized as (i) an "ADR Champion," *National Law Journal*, 2017-2018; (ii) a member of the "National Mediators" list, *Chambers USA America's Leading Lawyers for Business*, 2016-2019; (iii) a Best Lawyer, Alternative Dispute Resolution Category, *Best Lawyers in America*, 2006-2015; (iv) a "Top California Neutral," *Daily Journal*, 2004-2012; and (v) a Northern California Super Lawyer, *San Francisco Magazine*, 2006, 2009, 2011-2014. In

{00447137;2 }

light of my experience, I am asked by litigants and their attorneys in complex civil cases to serve as a mediator, particularly in complex securities class action litigation cases such as this. In recent years, I have successfully mediated dozens of securities fraud cases pending in various courts across the United States.

3.      In November 2020, the Parties to the above-captioned action asked me to serve as a mediator in an attempt to determine if a settlement could be reached. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

4.      I believe that the settlement of this class action represents a well-reasoned and sound resolution of highly uncertain litigation. The Court, of course, will make determination as to the "fairness" of the settlement under applicable legal standards. From a mediator's perspective, however, I recommend the proposed settlement as reasonable, arm's-length, and consistent with the risks and potential rewards of the claims asserted.

5.      Specifically, following my selection as mediator, the Parties submitted mediation statements in advance of a joint mediation session. The Parties also provided me with the Court's opinion dismissing this case and with the Parties' full briefing on the appeal to the United States Court of Appeals for the Second Circuit.

6.      On February 1 and 2, 2021, I held a two-day mediation session with the Parties. Assisting me in the mediation was Jed Melnick, another mediator with JAMS. The participants included Class Counsel, Pomerantz LLP and Kaplan Fox & Kilsheimer LLP; and Defendants' Counsel, Proskauer Rose LLP.[1]

7.      Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Civil Procedure 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of extreme diligence and hard work and that they were complex and highly adversarial.

---

[1] Capitalized terms have the meanings assigned to them in the Stipulation of Settlement, dated April 12, 2021.

{00447137;2 }

8.      Near the close of the second day of the mediation session I held additional conversations with both Parties, separate from one another. The Parties agreed to consider a mediator's proposal to resolve the action to which they would be bound. I thereafter issued a mediator's proposal to settle the action for $2,100,000 in cash. I recommended this amount based on my involvement in the negotiations, my review and analysis of the Parties' mediation submissions, this Court's decision, and the Second Circuit briefing, and my extensive communications with the Parties.

9.      In my presence, the parties had extensive, detailed and hard-fought discussions regarding the strengths and weaknesses of the case. The advocacy on both sides of the case was compelling. I have worked with attorneys from the law firms on both sides of the case, which are nationally recognized for their work prosecuting and defending large, complex securities class actions such as this. I am familiar with the effort that these attorneys put into their work. Counsel for both sides represented their clients zealously and displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients. The Settlement is the direct result of all counsel's skill, experience and reputation in complex securities class actions.

10.      In conclusion, I believe the Settlement represents the highest settlement amount and the most favorable terms the Class could have achieved at that time. As such, I strongly support approval of the Settlement in all respects.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July, 2021

HON. DANIEL H. WEINSTEIN (Ret.)

{00447137;2 }