**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA LEWIS, Individually and On Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>    v.<br><br>YRC WORLDWIDE INC., JAMES L. WELCH, JAMIE G. PIERSON, STEPHANIE D. FISHER, and DARREN D. HAWKINS,<br><br>    Defendants. | Case No. 1:19-cv-00001-GTS-ATB |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARD TO PLAINTIFF**

Following the Court-approved process for providing notice to potential members of the Class, on July 14, 2021, Lead Plaintiffs Peter Szabo and the City of Warwick Retirement Fund ("Plaintiffs") filed the Motion for Final Approval of Proposed Class Action Settlement (ECF No. 100) ("Final Approval Motion"), and Lead Counsel filed the Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff ("Attorneys' Fees and Expense Motion"). ECF No. 101.  Pursuant to the Preliminary Approval Order (ECF No. 98, ¶38(c)), Lead Plaintiffs provide the following update to the Court.

**A. There Are No Objections to the Final Approval Motion or Attorneys' Fees and Expense Motion**

As set forth in the Preliminary Approval Order (ECF No. 98, ¶30), and the Notice (ECF No. 100-3, at 12, 22, 36, 40 of 41), the time for members of the Class to file objections to the Final Approval Motion or the Attorneys' Fees and Expense Motion was July 21, 2021.  The deadline has passed and no objections have been filed with the Court.  Furthermore, no objections have been received by the Claims Administrator.[1]  Lead Counsel and Counsel for Defendants are not aware of any objections.  Accordingly, the Final Approval Motion and the Attorneys' Fees and Expense Motion are unopposed.

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Group S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).  In light of the absence of any objections, the Court should grant the Final Approval Motion, and grant the Attorneys' Fees and Expense Motion, awarding Lead

---

[1] *See* Supplemental Declaration of Eric A. Nordskog Regarding: (A) Mailing of the Postcard Notice; (B) Report on Volume of Claims Received to Date; and (C) Report on Requests for Exclusion and Objections, dated August 11, 2021 (the "8/11/21 Nordskog Decl."), ¶¶9-10, attached as Exhibit 1 to the Declaration of Jeffrey P. Campisi, dated August 11, 2021 ("Campisi Decl.").

Counsel 27.5% of the Settlement Fund, reimbursement for litigation expenses of $116,861.23, and an award of $2,500 to Lead Plaintiff Peter Szabo.

## B.  There Are Two Requests for Exclusion from the Settlement Class

To date, two timely, written Requests for Exclusion from the Class on behalf of purported Class Members have been received by the Court-appointed Claims Administrator.  *See* 8/11/21 Nordskog Decl., ¶9, Ex. B (Morensen Request for Exclusion, received on 6/25/2021 by Claims Administrator; Wood Request for Exclusion, received on 7/17/2021 by Claims Administrator).

Lead Counsel has been informed that the Morensen Request for Exclusion was on behalf of a YRC investor who is not a member of the Class because it does not have a Recognized Loss under the Plan of Allocation, and was therefore not damaged.  According to Ms. Morensen, the Tomblin-Douglas Revocable Trust purchased 400 YRC shares on March 28, 2014 at a cost basis of $8,989.95, and sold 400 shares on May 28, 2014 for proceeds of $8,704.85.  Campisi Decl. ¶7. Under the U.S. Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), an investor who purchases and sells before a corrective disclosure, as appears to be the case with the Morensen Request for Exclusion, does not have a cognizable loss under Section 10(b) of the Securities Exchange Act of 1934.  544 U.S. at 342 ("Shares are normally purchased with an eye toward a later sale. But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.").  Ms. Morensen indicated that she planned to mail to the Claims Administrator an amended request for exclusion that provides transactional details.  Campisi Decl. ¶7.

Regarding the Wood Request for Exclusion, Mr. Wood asserts that he currently owns 1,700 YRC shares that were acquired at a cost basis of around $10 per share, and that he has a loss of $6,320.97.  Campisi Decl. ¶10. However, Mr. Wood declined to provide further information

2

concerning the dates of his purchases or sales of YRC Securities during the Class Period. Campisi Decl. ¶11, Ex. 2.

While the Wood Request for Exclusion and Morensen Request for Exclusion did not provide all information required by the Preliminary Approval Order and the Notice, it is within the Court's discretion whether to accept the written, timely Requests for Exclusion and exclude these potential Class Members from the Class. *See* Fed. R. Civ. P. 23(e) (stating court approval required for any settlement that would bind class members); *In re Del-Val Fin. Corp. Sec. Litig.*, 154 F.R.D. 95, 96 (S.D.N.Y. 1994) (stating whether to grant or deny out-opt request is within court's discretion).

Defendants have informed Plaintiffs' counsel that they oppose the Court accepting the Morensen and Wood Requests for Exclusion and anticipate filing a brief on or before the fairness hearing scheduled for August 18, 2021.

Whether or not the Court accepts the requests for exclusion, the lack of objections and minimal requests for exclusion are "indicative of the adequacy of the settlement," and "[c]lass members' favorable reaction to the settlement 'is perhaps the ***most significant factor*** in [the] Grinnell inquiry.'" *Woburn Ret. Sys. v. Salix Pharms., Ltd*., No. 17 Civ. 8925 (KMW), 2017 U.S. Dist. LEXIS 132515, at *7 (S.D.N.Y. Aug. 18, 2017) (emphasis added) (citing *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005).

Dated:  August 11, 2021                              Respectfully submitted,

                                                     /s/   *Michael J. Wernke*
                                                     Jeremy A. Lieberman
                                                     Michael J. Wernke
                                                     Veronica V. Montenegro
                                                     **POMERANTZ LLP**
                                                     600 Third Avenue, 20th Floor
                                                     New York, NY 10016
                                                     Telephone: (212) 661-1100

Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
         mjwernke@pomlaw.com
         vvmontenegro@pomlaw.com

*Counsel for Peter Szabo and
Co-Lead Counsel for the Proposed Class*


/s/    Jeffrey P. Campisi
Donald R. Hall
Jeffrey P. Campisi
  (Bar Roll Number: 700753)
Jason A. Uris
**KAPLAN  FOX  &  KILSHEIMER  LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: dhall@kaplanfox.com
         jcampisi@kaplanfox.com
         juris@kaplanfox.com

*Counsel for Lead Plaintiff City of Warwick
Retirement Board and Co-Lead Counsel for
the Proposed Class*


Jonathan B. Fellows
George H. Lowe
**BOND SCHOENECK & KING, PLLC**
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: jfellows@bsk.com
         glowe@bsk.com

*Local Counsel for Lead Plaintiffs and the
Proposed Class*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By: */s/    Jeffrey P. Campisi*
Jeffrey P. Campisi