# EXHIBIT 2

## Jeff Campisi

| | |
|---|---|
| **From:** | Jeff Campisi |
| **Sent:** | Friday, August 06, 2021 3:34 PM |
| **To:** | Donnie Hall; Michael J. Wernke |
| **Subject:** | FW: Lewis v. YRC Worldwide Inc., No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.) |

Jeff Campisi
Kaplan Fox

**From:** rl wood █████████████
**Sent:** Friday, August 06, 2021 3:31 PM
**To:** Jeff Campisi <jcampisi@kaplanfox.com>
**Subject:** Re: Lewis v. YRC Worldwide Inc., No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.)

Hi Jeff,
Thanks for this follow up.   I failed to add that my main reason for exclusion would be to preserve my rights.  If I ever figured out how much I lost I would be able to pursue damages on my on.
I have never been involved in a class where they only pay 3 cents per share.  At my current 1700 shares that would be $51.00; even if I got 30% more or 4 cents would be $68.00
If the number that came over with my transfer are correct my current loss is $6,320.97.  I object to such a bad deal being presented to the court by such lousie lawyers.  And I can not believe
that any judge would approve such a rip off.
fyi, rlwood
ps: my current shares are 1700 with a basis just under $10/ea if the transfer if accurate.  No detail data is transferred.

**From:** Jeff Campisi <jcampisi@kaplanfox.com>
**Sent:** Friday, August 6, 2021 2:57 PM
**To:** █████████████████████████████ >
**Subject:** Lewis v. YRC Worldwide Inc., No. 1:19-cv-00001-GTS-ATB (N.D.N.Y.)

Mr. Wood, I write as a follow-up to our telephone conversation this morning concerning your request for exclusion from the settlement class in the above-captioned matter.  As discussed, your request for exclusion, which is attached, did not include certain information required by the Court.  Specifically, you did not provide (1) the number of shares of YRC Securities held as of opening of trading on March 10, 2014, and purchased or otherwise acquired and/or sold during the Class Period, (2) price(s) paid or value at receipt, and, if sold, the sales price(s), or (3) the date of each such transaction involving each such security.  The Court-authorized notice states that a request for exclusion "shall not be valid and effective unless it provides all the information."  I have attached a copy of the notice for your reference.  Paragraph 70 at page 12 of the notice sets forth this requirement.

I informed you that without the required information, there was a risk that the Court may find your request for exclusion invalid.  You stated that you currently own 1,700 shares, and indicated that it would be burdensome and not worth your time to collect the information required by the Court, however, you would like to be excluded.

If you disagree with anything set forth above, please respond immediately.  As I noted, the Court has scheduled a final approval hearing for August 18 at which the Court will likely consider whether to accept or reject your request for exclusion.

Jeffrey P. Campisi
Kaplan Fox & Kilsheimer LLP
850 Third Avenue; 14th Floor
New York, NY 10022
Phone: (212) 687-1980
Email: jcampisi@kaplanfox.com