**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,**<br><br>          **Plaintiff,**<br><br>  v.<br><br>**YRC WORLDWIDE INC.,** *et al.*,<br><br>          **Defendants.** | No. 1-19-cv-00001-GTS-ATB |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF PROPOSED SETTLEMENT
<u>AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL FILING</u>**

Dan French
David G. Burch, Jr.
Barclay Damon LLP
125 East Jefferson Street
Syracuse, NY  13202
Tel:  (315) 425-3700
Fax:  (315) 425-2701

Ralph C. Ferrara (*pro hac vice*)
Ann M. Ashton (*pro hac vice*)
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 416-6800
Fax:  (202) 416-6899

Jonathan E. Richman (*pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Counsel for Defendants

August 11, 2021

Lead Plaintiff City of Warwick Retirement Fund and additional plaintiff Peter Szabo ("Plaintiffs") have moved for final approval of the proposed settlement of this securities class action. [ECF No. 100] No Class Member has objected to that motion.

Defendants support Plaintiffs' motion for final approval, but submit this Memorandum to address one narrow issue that Plaintiffs raised in their August 11, 2021 memorandum in further support of their motion [ECF No. 102]: the validity of the two putative exclusion requests received in this action. Those exclusion requests are invalid because they did not contain information clearly required both by the Court's order preliminarily approving the proposed settlement (the "Preliminary Approval Order") [ECF No. 98] and by the express terms of Plaintiffs' and Defendants' settlement agreement [ECF No. 96].

The Preliminary Approval Order contained three paragraphs specifying the requirements for valid exclusion requests:

- Exclusion requests must be timely and in writing and must contain certain information, including "(*vi*) the number of YRC Securities held as of opening of trading on March 10, 2014 and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), [and] (*viii*) the date of each such transaction involving each such security . . . ." [ECF No. 98, ¶ 24]

- "*To be valid, any request for exclusion . . . must contain all the information required by this Order . . . .*" [*Id.* ¶ 25 (emphasis added)]

- "If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and all Releasors related to each such Class Member) shall be bound by the Releases in the Settlement Agreement and by all proceedings, orders, and judgments in the Action, whether favorable or unfavorable . . . ." [*Id.* ¶ 26]

The Stipulation of Settlement that Plaintiffs' counsel signed contained similar language about the requisite contents of valid exclusion requests and the consequences of not complying with those

requirements [ECF No. 96, §§ VII.B, VII.C, pp. 33-34], as did the notice to putative Class Members.

The trading information required by ¶ 24 of the Preliminary Approval Order, the Stipulation of Settlement, and the class notice was not designed to impose undue burdens on putative Class Members; rather, it was essential to enable Defendants to assess and potentially exercise their termination right under the Settlement Agreement.  That right arises "if requests for exclusion are received from potential Class Members in an amount that meets or exceeds the Termination Threshold as set out in the Supplemental Agreement" that the settling parties executed.  [Stipulation of Settlement, § XIV.D.1, p. 43]

A termination or "blow" provision is standard in securities class-action settlements and in other settlements involving monetary consideration.  But such provisions are meaningful only if would-be opt-outs provide the information that enables a defendant to assess whether the termination threshold has been reached or exceeded.  If a defendant cannot determine the number of shares or claimed losses of putative class members who wish to opt out of the proposed settlement, the defendant has no way of knowing whether its termination right has arisen and whether to exercise it.

In this case, only two purported exclusion requests were received, but neither of them provided any of the trading information that the Preliminary Approval Order, the Stipulation of Settlement, and the class notice required.[1]  The requests thus were invalid under the Preliminary Approval Order and the settlement documents, and Defendants therefore were unable – and saw no reason – to consider whether to exercise their termination right, which expired on August 4,

---

[1]     The invalid exclusion requests were submitted by Penelope Morensen TTE Tomblin-Douglas Revocable Trust/DTD12/17/91 and RL Wood.  The exclusion requests are attached as Exhibit B to the Declaration of Eric A. Nordskog.  [ECF No. 102-2]

2021 [Stipulation of Settlement, § XIV.D.1, p. 43].  In fact, without the trading information, Defendants could not determine whether the submitters of those purported exclusion requests actually are Class Members at all.[2]

Where purported exclusion requests do not contain the required trading information and thereby interfere with a defendant's termination rights, a court can and should invalidate those requests and hold that the submitters are bound by the court's orders and judgments.  *See, e.g.*, *In re SCOR Holding (Switzerland) AG Sec. Litig.*, No. 04 Civ. 7897 (DLC), slip op. at 3 (S.D.N.Y. Dec. 12, 2018) (ECF No. 264) (approving settlement of securities class action; ruling that "[o]nly one request for exclusion from the Class was submitted, however, as it did not comply with Court-ordered requirements as set forth in the Notice, it is not valid and it is not accepted") (attached as Exhibit A to this Memorandum); *see also Ranieri v. Sherman*, 1994 WL 721528, at *5-6 (D.D.C. Dec. 23, 1994) (where exclusion requests needed to include loss information, court rejected opt-out requests that had not provided information specified in class notice); *cf.*, *e.g.*, *In re Navistar Maxxforce Engines Mktg., Sales Practices, & Prods. Liab. Litig.*, 990 F.3d 1048, 1052 (7th Cir. 2021) ("Must a judge who has specified in excruciating detail how opting out is to be accomplished accept some different means?  To that question the answer must be no.").

A similar issue arises with late (as opposed to substantively deficient) exclusion requests. In that situation as well, late opt-outs deprive defendants of their ability to decide whether to exercise their right to terminate the proposed settlement based on the exclusion requests.  Courts therefore do not hesitate to reject late exclusion requests to avoid prejudicing defendants' rights

---

[2]    Plaintiffs' counsel's August 11, 2021 filing [ECF No. 102] contends that one putative opt-out is not a Class Member and that neither of the two putative opt-outs purchased many shares of YRC Securities.  However, Plaintiffs' counsel did not make any effort to determine that information until August 6, 2021 [ECF No. 102-1, ¶¶ 5-8], after Defendants' termination right had expired on August 4.

under termination provisions.  *See, e.g.*, *In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 947 F. Supp. 750, 755 (S.D.N.Y. 1996) (rejecting late opt-out because, "[i[n making its decision whether or not to exercise its rights under the 'blow' provision, [defendant] considered the quantity and quality of the opt outs timely received"); *In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 365-66 (S.D.N.Y. 1996) (rejecting late opt-out because defendant had made decision about "blow provision" based on timely received exclusion requests, and "[t]he impact of now extending the date to opt-out would be to radically change the value to [defendant] of the Settlement"), *aff'd*, 107 F.3d 3, 1996 WL 739258, at *2-3 (2d Cir. Dec. 27, 1996) (accepting late opt-out would have prejudiced defendant's rights under blow provision); *see also, e.g.*, *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 251 (11th Cir. 2009) (affirming denial of late opt-out; prejudice because of blow provision); *Georgine v. Amchem Prods., Inc.*, 1994 WL 637404, at *9 (E.D. Pa. Nov. 10, 1994) (same), *appeal dismissed*, 47 F.3d 1160 (3d Cir. 1995) (table).

Defendants therefore ask the Court to rule that the two purported exclusion requests are invalid under the Preliminary Approval Order and the Stipulation of Settlement, and that the submitters are bound by the orders and judgments entered in this action.

## CONCLUSION

For the foregoing reasons, and for those explained in prior motion papers, the Court should grant final approval of the proposed settlement, but should reject the substantively deficient purported exclusion requests filed by the two putative Class Members.

Dated: August 11, 2021

Dan French
David G. Burch, Jr.
Barclay Damon LLP
125 East Jefferson Street
Syracuse, NY  13202
Tel:  (315) 425-3700
Fax:  (315) 425-2701
dfrench@barclaydamon.com
dburch@barclaydamon.com

Ralph C. Ferrara (*pro hac vice*)
Ann M. Ashton (*pro hac vice*)
Proskauer Rose LLP
Suite 600 South
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 416-6800
Fax:  (202) 416-6899
rferrara@proskauer.com
aashton@proskauer.com

Jonathan E. Richman (*pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
jerichman@proskauer.com

Counsel for Defendants

5

125046582v1