Case 1:04-cv-07897-DLC   Document 264   Filed 12/12/08   Page 1 of 18

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
                          :

**In re SCOR HOLDING (SWITZERLAND) AG** :   **Case No. 04 Civ. 7897 (DLC)**
**SECURITIES LITIGATION**            :
                          :
————————————————————————x

## ORDER AND FINAL JUDGMENT

On the twelfth day of December, 2008, a hearing having been held before this Court to determine: (1) whether the proposed ZFS Settlement should be approved as fair, reasonable, and adequate; (2) whether the proposed SHS Settlement should be approved as fair, reasonable, and adequate; (3) whether a Judgment should be entered dismissing the Action on the merits and with prejudice as to Defendants, and whether the Class's release of the Released Plaintiffs' Claims, as set forth in the Stipulations, should be provided to the ZFS Releasees and the SHS Releasees (collectively, the "Releasees"); (4) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and (5) whether the Individual Notice, Summary Notice, and the notice methodology implemented pursuant to the Stipulations and the Court's Preliminary Approval Order (a) constituted the best practicable notice, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, their right to object to the proposed Settlements, their right to appear at the Settlement Hearing, and their right to exclude themselves from the Class, (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, the Private Securities Litigation Reform Act (the "PSLRA"), and any other applicable law; and the

Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that an Individual Notice of the hearing substantially in the form approved by the Court was sent to all reasonably identifiable potential Class Members, as shown by the records of Converium's transfer agent(s), at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court was published pursuant to the Preliminary Approval Order, and all capitalized terms used herein having the meanings as set forth and defined in the Stipulations;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, and all Class Members (as defined in the Appendix), and has jurisdiction to enter this Order and Final Judgment (the "Judgment").

2.    **Notice.** The Court finds that the distribution of the Individual Notice and the publication of the Summary Notice and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the Court's Preliminary Approval Order. The Court further finds that the Individual Notice, the Summary Notice, and the notice methodology implemented pursuant to the Court's Preliminary Approval Order (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, of the effect of the Stipulations (including the release of claims), of their right to object to the proposed Settlements, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing, (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

2

Clause), the PSLRA, the Rules of the Court, and any other applicable law. Only one request for exclusion from the Class was submitted, however, as it did not comply with Court-ordered requirements as set forth in the Notice, it is not valid and it is not accepted.

3.    **Final Settlement Approval.**  The SHS Settlement, as set forth in the SHS Stipulation, and the ZFS Settlement, as set forth in the ZFS Stipulation, are hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of each of the Settling Parties and the Class Members. The Settling Parties are directed to implement and consummate the Stipulations in accordance with their terms and provisions. The Court approves the documents submitted to the Court in connection with the implementation of the Stipulations.

4.    **Dismissal of Action.**  The Action, including all Class claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Stipulations

5.    **Releases.**  The releases as set forth in Section VIII of the SHS Stipulation and Section IX of the ZFS Stipulation, together with the respective definitions of Released Plaintiffs' Claims and ZFS Releasees and SHS Releasees, are set out in the attached Appendix and are expressly incorporated herein in all respects. As of the date of this Judgment:

(a)    The Released Plaintiffs' Claims against each and all of the SHS Releasees and the ZFS Releasees shall be released and dismissed with prejudice and on the merits, without costs to any party.

(b)     All Claims by ZFS and SHS against Lead Counsel and Lead Plaintiff, Avalon, or LASERS that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Action shall be released and dismissed with prejudice and on the merits, without costs to any party.

(c)     All Claims by Lead Counsel against ZFS's Counsel, SHS's Counsel, and any or all of the SHS Releasees or the ZFS Releasees that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Action or to the Stipulations are released.   Notwithstanding the foregoing, nothing in this Judgment shall preclude any action to enforce the terms of the Stipulations.

6.     **Permanent Injunction.**  The Court permanently bars and enjoins (*i*) all Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), and assigns) who have not filed timely, valid requests to opt out of the Class from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or other proceeding or order in any jurisdiction that is based upon, arises out of, or relates to any Released Plaintiffs' Claim as to any Releasee, and (*ii*) all persons and entities from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of, or relates to any Released Plaintiffs' Claims as to any Releasees, including, but not limited to, any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Complaint.

4

7.     **Contribution Bar Order.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Plaintiffs' Claim (*i*) by any person or entity against any of the Releasees, and (*ii*) by any of the Releasees against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasee are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to the percentage of responsibility of any such Releasee(s) for common damages or (*ii*) the amount paid to the Class by or on behalf of each such Releasee for common damages.

8.     **Complete Bar Order.**  To effectuate the Settlements, the Court hereby enters the following Complete Bar:

(a)     Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, contract, or otherwise, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member,

5

including, without limitation, any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this Complete Bar Order are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Plaintiffs' Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to the percentage of responsibility of any such Releasee(s) for common damages or (*ii*) the amount paid to the Class by or on behalf of each such Releasee for common damages.

(b)    Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including, without limitation, any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, contract, or otherwise, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such Releasee arises from that Releasee's alleged

6

liability to the Class or any Class Member, including, without limitation, any Claim in which any Releasee seeks to recover from any person or entity, including another Releasee(s), (*i*) any amounts any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

(c)    Notwithstanding anything stated in this Complete Bar Order, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Complete Bar Order, neither the Complete Bar Order nor the Stipulations shall bar Claims by that Releasee against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and (*ii*) of this subparagraph 8(c) in connection with the assertion of the Claim brought against the Releasee(s); *provided, however,* that the Stipulations and the Complete Bar Order shall not bar or enjoin the Class or any Class Member from bringing any and all Claims against any non-Releasee; *provided, further,* that nothing in this Complete Bar Order or the Stipulations shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Stipulations.

7

(d)    If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date the Court enters the Complete Bar Order, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Plaintiffs' Claim.

(e)    Notwithstanding the Complete Bar Order or anything else in the Stipulations, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity insurance policy that provides coverage respecting the conduct at issue in the Action.

9.    **No Admissions.** This Order and Final Judgment, the Stipulations, the offer of the Stipulations, and compliance with this Judgment or the Stipulations shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability.  This Judgment and the Stipulations are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Plaintiffs' Claims.  The Settling Parties agree that no party was or is a "prevailing party" in this case.  In no event shall this Judgment, the Stipulations, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, except a proceeding to enforce the Stipulations or in the Dutch proceedings (or any other proceedings involving the Foreign Investors if the Amsterdam Court of Appeals declines to approve the proposed Dutch settlement).  Without limiting the foregoing, neither this Judgment, the Stipulations, nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received

8

as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, SHS or ZFS, or as a waiver by SHS or ZFS of any applicable defense, or as a waiver by Lead Plaintiff or the Class of any Claims, causes of action, or remedies; *provided, however,* that this Judgment and the Stipulations may be filed in any action against or by SHS or ZFS or the Releasees to support a defense of *res judicata,* collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

10.    **Modification of Stipulation.**  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulations and all exhibits attached to the Stipulations as (*i*) are not materially inconsistent with the Judgment and (*ii*) do not materially limit the rights of Class Members under the Stipulations.

11.    **Retention of Jurisdiction.**  Without in any way affecting the finality of this Judgment, the Court expressly retains continuing and exclusive jurisdiction over the Settling Parties and the Class Members for all matters relating to the Action, including the administration, consummation, interpretation, effectuation, or enforcement of the Stipulations and of this Judgment, and for any other reasonably necessary purpose, including, without limitation,

(a)    enforcing the terms and conditions of the Stipulations (including, without limitation, enforcing the Complete Bar Order, the Contribution Bar Order, and the permanent injunction);

(b)    resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Stipulations or this Judgment (including, without limitation,

9

whether a person or entity is or is not a Class Member, and whether claims or causes of action allegedly related to the Action are or are not barred by this Judgment or the releases);

(c)    entering such additional orders as may be necessary or appropriate to protect or effectuate this Judgment, and

(d)    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

Nothing in this paragraph is intended to restrict the ability of the Settling Parties to exercise their rights under paragraph 10 of this Order.

12.    **Rule 11 Findings.** The Court finds that all of the complaints in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    **Termination.** In the event that the Settlements do not become Final in accordance with the terms of the Stipulations, or are terminated pursuant to Section XII of the SHS Stipulation or Sections XIII and XIV of the ZFS Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations.

14.    **Entry of Judgment.** There is no just reason to delay the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the (United States) Federal Rules of Civil Procedure.

So ordered.

Denise Cote

December 12, 2008

10

Dated:      New York, New York
            _____, 2008


                                    _____
                                              DENISE COTE
                                    United States District Judge

## APPENDIX OF SELECTED TERMS AND DEFINITIONS

**"Class"**

"Class" or "Class Members" means all persons or entities who, during the Class Period, (*i*) were U.S. residents and purchased Converium Common Stock on the SWX Swiss Exchange and/or (*ii*) purchased Converium ADSs on the NYSE. Each member of the Class (hereinafter referred to as a "Class Member") is a Class Member only as to Converium Common Stock or ADSs that fall within either of the above two categories. Excluded from the Class are such persons or entities who are or were: ZFS; Converium; the Director Defendants; the Officer Defendants; Family Members of any Officer or Director Defendant; Underwriters of the Converium IPO; any person who was an officer or director of Converium, ZFS, or any of the Underwriters of the Converium IPO at the time of the Converium IPO or during the Class Period; any firm, trust, corporation, officer, or other entity in which Converium, ZFS, the Officer Defendants, the Director Defendants or the Underwriters of the Converium IPO has, have or had a Controlling Interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any person or entity excluded pursuant to this definition. Also excluded from the Class are such persons or entities who submit valid and timely requests for exclusion from the Class.

**"Released Plaintiffs' Claims"**

"Released Plaintiffs' Claims" means each and every Claim or Unknown Claim that Lead Plaintiff, LASERS, or any Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims asserted in the Complaint or the Proposed Second Amended Complaint) or (*ii*) could have asserted or could assert against any of the Releasees, whether arising under any federal, state, or foreign statutory or common-law rule, in any other court, tribunal, agency, or other forum, that arises out of or relates to (*x*) the purchase, or any other Investment Decision

concerning Converium Common Stock during the Class Period by any person or entity who was a U.S. resident during that period, or (y) the purchase of, or any other Investment Decision concerning, Converium ADSs by any person or entity Decision during the Class Period. Without limiting the generality of the foregoing, the term Released Plaintiffs' Claims includes, without limitation, any Claims or Unknown Claims arising out of or relating to:

a.      any or all of the acts, failures to act, omissions, misrepresentations, facts, events, matters, transactions, statements, occurrences, or oral or written statements or representations of any of the Releasees that have been, could have been, or could be directly or indirectly alleged, complained of, asserted, set forth, or otherwise referred to in the Action;

b.      any regulatory filing (including any filing with the SEC or any other U.S. or non-U.S. governmental agency or market regulator), public statement, press release, disclosure, or representation relating to the Converium IPO, Converium Common Stock or ADSs, Converium's or the Releasees' financial position, Converium's or the Releasees' loss reserves, Converium's or the Releasees' reinsurance contracts or coverage, Converium's or the Releasees' calculation of and/or accrual for reserves for any period, or Converium's or the Releasees' accounting treatment of its or their reinsurance contracts for any period;

c.      any financial statement (or portion thereof), whether audited or unaudited, or any report or opinion relating to any financial statement (or portion thereof), or any internal or external memorandum, report, analysis, or opinion relating to the Converium IPO, Converium Common Stock or ADSs, Converium's or the Releasees' financial position, Converium's or the Releasees' loss reserves, Converium's or the

APP-2

Releasees' reinsurance contracts or coverage, Converium's or the Releasees' calculation

of and/or accrual for reserves for any period, or Converium's or the Releasees'

accounting treatment of its or their reinsurance contracts for any period; and

d.    any or all Claims arising from or relating to the Converium IPO, the

Converium Restatement, Converium's or the Releasees' calculation of and/or accrual for

reserves for any period, Converium's or the Releasees' entering into reinsurance

contracts that Converium later restated, Converium's or the Releasees' accounting

treatment of its or their reinsurance contracts for any period, Converium's or the

Releasees' use or alleged misuse of finite or traditional insurance or reinsurance,

Converium's or the ZFS Releasees' recordkeeping during the Class Period, or any of the

Releasees' alleged control over Converium; but

e.    *not* any claim by a Foreign Investor involving the purchase, sale, or

Investment Decision concerning Converium Common Stock.


**"Released ZFS Claims"**

"Released ZFS Claims" means each and every Claim or Unknown Claim that has been or could

have been asserted in the Action by ZFS or the successors and assigns of ZFS against any of the

Lead Plaintiffs, LASERS, Class Members, or their attorneys, that arises out of or relates in any

way to the institution, prosecution, or settlement of the Action (except for claims to enforce the

Settlement).

**"Released SHS Claims"**

"Released SHS Claims" means each and every Claim or Unknown Claim that has been or could

have been asserted in the Action by SHS or the successors and assigns of SHS against the Lead

Plaintiff, LASERS, Class Members, or their attorneys, that arises out of or relates in any way to

the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

**"Releasees"**

"Releasee" means each and every one of, and "Releasees" means all of, the following:

a.   ZFS and any or all of its respective past or present parents, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), divisions, business units, subsidiaries, and entities in which ZFS has a Controlling Interest or that has a Controlling Interest in it;

b.   SHS and any or all of its respective past or present parents, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), divisions, business units, subsidiaries, and entities in which SHS has a Controlling Interest or that has a Controlling Interest in it;

c.   each of the Releasees' respective past and present directors (including the Director Defendants), executive committee members, officers (including the Officer Defendants), employees, members, partners, principals, agents, attorneys (including its General Counsel and other inside or outside attorneys), advisors, trustees, administrators, fiduciaries, consultants, representatives, accountants, accounting advisors, auditors, and insurance carriers (but only to the extent each such insurance carrier provides the full amount of insurance coverage or indemnity sought from it for losses incurred in connection with the Action) for any actual or alleged conduct, act, or omission;

d.   SCOR SE; and

e.   each of the Underwriters of the Converium IPO, including the

Underwriter Defendants.

**Release and Waiver:**

1.      Pursuant to the Final Judgment and Order of Dismissal, without further action by anyone, and whether or not a Proof of Claim has been executed and/or delivered by, or on behalf of, any such Class Member, and subject to Section 4 below, on and after the Final Settlement Date, Lead Plaintiff, LASERS and any and all Class Members, on behalf of themselves, their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), and assigns, and any person or entity claiming by or through any of the Class Members, for good and sufficient consideration, shall be deemed to have, and by operation of law and of the Final Judgment and Order of Dismissal shall have, under U.S. law, fully, finally, and forever released, relinquished, settled, and discharged:

(a)      all Released Plaintiffs' Claims against each and every one of the Releasees;

(b)      all Claims, damages, and liability as to any or all of the Lead Plaintiff, LASERS, Lead Counsel, ZFS's Counsel, SHS's Counsel, and each and every one of the Releasees that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, the prosecution, defense, or settlement of the Action or to the Stipulations; and

(c)      all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Lead Counsel or other counsel representing Lead Plaintiffs, LASERS, or the Class Members (or any of them) in the Action, or any of them, in connection with or

related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its settlement except to the extent otherwise specified in the Stipulations.

2.    Pursuant to the Final Judgment and Order of Dismissal, without further action by anyone, and subject to Section 4 below, on and after the Final Settlement Date, ZFS's Counsel, SHS's Counsel and any or all Releasees, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, any person or entity claiming by or through ZFS or SHS, and any person or entity representing ZFS or SHS, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, settled, and discharged Lead Counsel, Lead Plaintiff and LASERS, from any and all Claims, whether known Claims or Unknown Claims, that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Action, or to the Stipulations.

3.    Pursuant to the Final Judgment and Order of Dismissal, without further action by anyone, and subject to Section 4 below, on and after the Final Settlement Date, Lead Counsel on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), assigns, and any person or entity claiming by or through any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, settled, and discharged ZFS's Counsel, SHS' Counsel and any or all Releasees from any and all Claims, whether known Claims or Unknown Claims, that relate in any way to any and all acts

APP-6

directly or indirectly relating to the prosecution, defense, or settlement of the Action, or to the Stipulations.

4.    Notwithstanding Sections 1, 2, and 3 above, nothing in the Final Judgment and Order of Dismissal shall bar any action or Claim by the Settling Parties to enforce the terms of the Stipulations or the Final Judgment and Order of Dismissal.

5.    The releases and waivers contained in this Section were separately bargained for and are essential elements of the Stipulations.

#343101.2