**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,** | No. 1:19-cv-00001-GTS-ATB |
| **Plaintiff,** | |
| **v.** | |
| **YRC WORLDWIDE INC.,** *et al.***,** | |
| **Defendants.** | |

**ORDER APPROVING**
**CLASS-ACTION SETTLEMENT**

WHEREAS Lead Plaintiffs City of Warwick Retirement Fund and Peter Szabo, on behalf of themselves and the Class (as defined below), and defendants YRC Worldwide Inc., James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins have entered into a Settlement Agreement to settle the claims asserted in this Action; and

WHEREAS Lead Plaintiffs and Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement in accordance with the Settlement Agreement, which sets forth the terms and conditions of the proposed settlement (the "Settlement"); and

WHEREAS, on April 19, 2021, the Court entered an Order preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's application for an Attorneys' Fees and Expenses Award, and Lead Plaintiffs' application for a PSLRA Award (ECF No. 98); and

WHEREAS the Court held the Fairness Hearing on August 18, 2021 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to potential Class Members in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Defendants and against all Class Members, and releasing all the Released Class Claims and Released Releasees' Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as provided in the Settlement Agreement; (*vii*) whether and in what amount to grant an Attorneys' Fees and Expenses Award to Lead Counsel; and (*viii*) whether and in what amount to grant a PSLRA Award to Lead Plaintiffs; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Incorporation of Settlement Documents.**  This Order incorporates and makes a part hereof the Settlement Agreement dated as of April 12, 2021, including its defined terms.  To

the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.[1]

2. **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3. **Final Class Certification**.  The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  The Class is defined to consist of all persons and entities who purchased or otherwise acquired YRC Securities during the period from March 10, 2014 through December 14, 2018, inclusive, and who were damaged thereby.  Excluded from the Class are:

a.      such persons or entities who submitted valid and timely requests for exclusion from the Class;

b.      such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.      YRC and (*i*) all officers and directors of YRC during the Class Period (including James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins), (*ii*) YRC's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which YRC or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

---

[1]      Select definitions from the Settlement Agreement are set out in the Appendix to this Order.

4.     This certification of the Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement.  If the Court's approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiffs or anyone else to seek class certification in this or any other matter.

5.     For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and any other applicable laws (including the PSLRA) have been satisfied, in that:

      a.     The Class is ascertainable from business records and/or from objective criteria;

      b.     The Class is so numerous that joinder of all members would be impractical;

      c.     One or more questions of fact and law are common to all Class Members;

      d.     Lead Plaintiffs' claims are typical of those of the other members of the Class;

      e.     Lead Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiffs' interests have been and are consistent with those of the other Class Members, (*ii*) Lead Counsel have been and are able and qualified to represent the Class, and (*iii*) Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning these claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

6.      **Final Certification of Lead Plaintiffs and Appointment of Lead Counsel for Settlement Purposes**.  Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lead Plaintiffs as representatives of the Class and (*ii*) appointment of Kaplan Fox & Kilsheimer LLP and Pomerantz LLP as Lead Counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

7.      **Notice.**  The Court finds that the distribution of the Postcard Notice, Long-Form Notice, and Claim Form, the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order.  The Court further finds that the Postcard Notice, Long-Form Notice, Claim Form, Summary Notice, and notice methodology (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims),

their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act of 2005), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8.      **<u>Final Settlement Approval.</u>**  The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their experienced counsel – under the auspices of retired California Superior Court Judge Daniel Weinstein and Jed Melnick, Esq. serving as mediators – and was entered into in good faith.  The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member, and treat Class Members equitably relative to each other.  Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of the Class Members.

9.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among eligible Class Members.

10.      In making these findings and in concluding that the relief provided to the Class is fair, reasonable, and adequate, the Court considered, among other factors, (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, including the Court's

dismissal of the Complaint and the costs, risks, and delay of appeal and, potentially, trial; (*ii*) the reaction of the potential Class Members to the proposed Settlement, including the number of exclusion requests and the number of objections; (*iii*) the stage of the proceedings and the amount of materials available to Lead Counsel, including the Due-Diligence Discovery provided to Lead Counsel; (*iv*) Lead Plaintiffs' chances of prevailing on appeal and their risks of otherwise establishing liability and damages, including the nature of the claims asserted and the strength of Lead Plaintiffs' claims and Defendants' defenses as to liability and damages; (*v*) Lead Plaintiffs' risks of obtaining certification of a litigation class and of maintaining certification through trial; (*vi*) the ability of Defendants to withstand a greater judgment; (*vii*) the range of reasonableness of the Settlement Amount in light of the best possible recovery; (*viii*) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement fund and distributing such relief to eligible Class Members; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment; (*xii*) the terms of the Supplemental Agreement; (*xiii*) the treatment of Class Members relative to each other; (*xiv*) the involvement of respected and experienced mediators (retired California Superior Court Judge Daniel Weinstein and Mr. Melnick); (*xv*) the experience and views of the Settling Parties' counsel; (*xvi*) the submissions and arguments made throughout the proceedings by the Settling Parties; and (*xvii*) the submissions and arguments made at and in connection with the Fairness Hearing.

11.     The Settling Parties are directed to implement and consummate the Settlement

Agreement in accordance with its terms and provisions.  The Court approves the documents

submitted to the Court in connection with the implementation of the Settlement Agreement.

12.     **Releases.**  Pursuant to this Approval Order and the Judgment, without further

action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date,

Lead Plaintiffs and all other Class Members (whether or not a Claim Form has been executed

and/or delivered by or on behalf of any such Class Member), on behalf of themselves and the

other Releasors, for good and sufficient consideration, the receipt and adequacy of which are

hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and

the Judgment shall have, fully, finally, and forever released, relinquished, settled, and

discharged:

a.      all Released Class Claims against each and every one of the Releasees;

b.      all Claims, damages, and liabilities as to each and every one of the

Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or

all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written

statements or representations in connection with, or directly or indirectly relating to, (*i*) the

prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its

implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice

in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms

submitted in connection with the Settlement; and

c.      all Claims against any of the Releasees for attorneys' fees, costs, or

disbursements incurred by Plaintiffs' Counsel or any other counsel representing Lead Plaintiffs

or any other Class Member in connection with or related in any manner to the Action, the

settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13.    Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee, including Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each and all Releasors, including Lead Counsel, from any and all Released Releasees' Claims, except to the extent otherwise specified in the Settlement Agreement.

14.    Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs' Counsel and any other counsel representing Lead Plaintiffs or any other Class Member in connection with or related in any manner to the Action, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, and assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants, Defendants' Counsel, and all other Releasees from any and all Claims that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, or (*iii*) the Settlement terms and their implementation.

9

15.     Notwithstanding paragraphs 12 through 14 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

16.     **Permanent Injunction.**  The Court orders as follows:

a.      Lead Plaintiffs and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b.      All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

c.      All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing,

prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

17.     Notwithstanding paragraph 16 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

18.     **Contribution Bar Order.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Class Claim (*i*) by any person or entity against any of the Releasees and (*ii*) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any Final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasee are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (*ii*) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

19.     **Complete Bar Order.**  To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.      Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Class Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) the amount paid by or on behalf of Defendants to

12

the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

   b. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

   c. Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 19 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or

administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s).

        d.      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

        e.      Nothing in the Contribution Bar Order or Complete Bar Order shall (*i*) expand the release provided by Class Members and other Releasors to the Releasees under Paragraph 12 above or (*ii*) bar any persons who are excluded from the Class by definition or by request from asserting any Released Class Claim against any of the Releasees.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and Claims at issue in the Action.

    20.    **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in Lead Plaintiffs' Claims. This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint

and of the Released Class Claims.  In no event shall this Order, the Judgment, the Settlement

Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating

to their provisions in any way be construed as, offered as, received as, used as, or deemed to be

evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory,

or other proceeding, except a proceeding to enforce the Settlement Agreement.  Without limiting

the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations,

statements, or court proceedings shall not be construed as, offered as, received as, used as, or

deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties

or the other Releasees and Releasors in the Action, any other action, or any judicial,

administrative, regulatory, or other proceeding or (*ii*) of any liability or wrongdoing whatsoever

on the part of any person or entity, including Defendants, or as a waiver by Defendants of any

applicable defense, or (*iii*) by Lead Plaintiffs or the Class of the infirmities of any claims, causes

of action, or remedies.

21.     Notwithstanding anything in paragraph 20 above, this Order, the Judgment,

and/or the Settlement Agreement may be filed in any action against or by any Releasee to

support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement,

judgment bar or reduction, injunction, full faith and credit, or any other theory of claim

preclusion, issue preclusion, or similar defense or counterclaim.

22.     **Attorneys' Fees and Expenses Award.**  Plaintiffs' Counsel are hereby awarded

attorneys' fees in the amount of 27.5% of the Settlement Amount and expenses in the amount of

$116,861.23, plus interest at the same rate and for the same periods as earned by the Settlement

Fund (until paid).  Those amounts shall be paid out of the Settlement Fund (as that term is

defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement

Agreement.  The Court finds that the Attorneys' Fees and Expenses Award is fair, reasonable, and appropriate.

23.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:  (a) the Settlement has created a fund of $2.1 million that has been paid into escrow pursuant to the terms of the Settlement and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement; (b) the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiffs; (c) copies of the Postcard Notice, which were mailed to all potential Class Members who could be identified with reasonable effort, as well as the Long-Form Notice, which was available to any potential Class Member by request or on the Settlement website, stated that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $140,000; (d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy; (e) the Action raised complex issues; (f) the Action presented significant risks to establishing liability and damages, especially in light of this Court's prior dismissal of the Action; and (g) the amount of attorneys' fees and expenses is fair and reasonable and consistent with awards in similar cases.

24.     **PSLRA Award.**  The Court finds that the requested PSLRA Award of $2,500 to the Lead Plaintiff Peter Szabo is reasonable in the circumstances.  This amount shall be paid out of the Settlement Fund pursuant to the terms set out in Section XI of the Settlement Agreement.

25.     **Modification of Settlement Agreement.**  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) that (*i*) are

not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

26.     **Dismissal of Action.**  The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

27.     **Retention of Jurisdiction.**  Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains continuing and exclusive jurisdiction over the Settlement and all Settling Parties, the Class Members, and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation, or enforcement of the Settlement Agreement or of this Order and the Judgment, and for any other reasonably necessary purposes, including:

a.     enforcing the terms and conditions of the Settlement Agreement, this Order, and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar Order, and the permanent injunction);

b.     resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including whether a person or entity is or is not a Class Member and whether Claims or causes of action allegedly related to the Released Class Claims are or are not barred by this Order and the Judgment or the Release);

c.      entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

d.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

28.      **Rule 11 Findings.**  The Court finds that all complaints filed in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

29.      **Termination.**  If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement; *provided, however,* that paragraph 40 of the Preliminary Approval Order (concerning the Confidentiality Agreement) shall remain in effect even if this Order and the Judgment are rendered null and void.

30.      **Entry of Judgment.**  There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Any appeal from this Order or other proceeding seeking subsequent judicial review of this Order pertaining solely to (*i*) the attorneys' fees or expenses awarded to Plaintiffs' Counsel or the PSLRA Award to Lead Plaintiffs and/or

(*ii*) the Plan of Allocation shall not in any way delay or preclude this Order from becoming Final under the terms of the Settlement Agreement.

SO ORDERED this 9th day of September, 2021.


Glenn T. Suddaby
Chief U.S. District Judge

Appendix A

## APPENDIX OF SELECTED SETTLEMENT DEFINITIONS

"**Action**" means the securities class action now pending in this Court and captioned *Lewis v. YRC Worldwide Inc.*, Case No. 1:19-cv-00001-GTS-ATB (N.D.N.Y), *previously on appeal as* No. 20-1427-cv (2d Cir.).

"**Operative Facts**" means those facts and circumstances that provide the factual predicate for the claims asserted in the Action and shall include the following to the extent they provide the bases for the claims asserted in the Action:

a.        any alleged violations of the federal False Claims Act, any state-law analogue of that statute, any consumer-protection law, or any principle of contract law by YRC or any YRC Affiliate in connection with charges to customers for freight shipping, and/or any alleged knowledge by any Releasee of such alleged conduct including as alleged in the Complaint at ¶¶ 11, 17, 93-129, 482-86;

b.        any alleged misconduct concerning charges for the weight of freight shipped (including through reweighing and elimination of "negative reweighs"), charges for the amount of freight shipped (e.g., charging for a full truckload even if the truck was not full), misclassification of freight, imposition of allegedly improper fees or surcharges (including fuel surcharges), targeting of particular customers for overcharges, incentivization of employees to accumulate reweighs, and criticism of employees for adjusting weights and charges in favor of customers including as alleged in the Complaint at ¶¶ 8-10, 12-13, 61-92, 101-68;

c.        any alleged failure to disclose, or concealment of, the U.S. Department of Justice investigation into the matters described in the action captioned *United States ex rel. Hannum v. YRC Freight, Inc.*, Civ. Action No. 08-0811(A) (W.D.N.Y.), including the U.S. Department of

Justice's complaint in intervention, including the magnitude of potential liability to the U.S. Government, including as alleged in the Complaint at ¶¶ 15, 169-74, 183-91, 199g;

       d.      any recordkeeping and information systems relating to reweighs and other customer charges including as alleged in the Complaint at ¶¶ 117-22;

       e.      financial reporting and conformance (or alleged nonconformance) with accounting principles generally accepted in the United States ("GAAP") concerning allegedly improper recognition of revenues and allegedly inflated reported operating revenue, operating income, and net income (or understating operating loss or net loss), and any statements about conformity to GAAP and compliance with other legal requirements including as alleged in the Complaint at ¶¶ 9, 14-15, 67, 71, 175-93, 216-19, 273-74, 325-26, 385-86, 443-44;

       f.      YRC's internal controls over financial reporting, or its governance, policies, practices, procedures, and internal controls (including its Code of Business Conduct), including any deficiencies and weaknesses in, or compliance or purported noncompliance with, any of them, including as alleged in the Complaint at ¶¶ 194-97, 512-14;

       g.      any disclosures, statements, representations, communications, or omissions during the Class Period – whether in SEC filings or Sarbanes-Oxley certifications, at industry or investor conferences, or in analyst meetings, earnings calls, or otherwise – about business operations, financial results, revenue recognition, reserves, business strategy, pricing, customers' needs, commitment, contingencies, legal matters, and internal control over financial reporting, including any alleged failure to disclosure that purported misconduct was materially misstating YRC's business, operations and financial results including as alleged in the Complaint at ¶¶ 15, 198-481;

h.       any alleged inflation or decline in the price of YRC Securities during the Class

Period that is related to or arises out of the alleged conduct and/or topics described in Sections

I.A.42.a.-g above including as alleged in the Complaint at ¶¶ 15-16, 18;

i.       any Claims under Exchange Act §§ 10(b) and/or 20(a) and/or SEC Rule 10b-5

arising out of the alleged conduct and/or topics described in Sections I.A.42.a-g above during the

Class Period including as alleged in the Complaint at ¶¶ 539-54;

j.       any Claims related to sales of YRC Securities by any Releasees during the Class

Period, including any Claims under Exchange Act §§ 10(b), 20(a), or 20A or SEC Rule 10b-5

relating to such sales, to the extent that such Claims are related in any way to the alleged conduct

and/or topics described in Sections I.A.42.a-g above including as alleged in the Complaint at

¶¶ 16, 28, 32, 35, 39, 491-93;

k.       Releasees' knowledge of the alleged conduct described in Sections I.A.42.a-g

above including as alleged in the Complaint at ¶¶ 487-89, 497-514; and

l.       Releasees' alleged motive to commit securities fraud in connection with any of the

matters described in Sections I.A.42.a.-g above including as alleged in the Complaint at ¶¶ 490-

96.

"**Released Class Claims**" means each and every Claim that (*i*) arises from or relates to

the Action (including all Claims alleged in the Complaint) and is asserted against the Releasees

or (*ii*) could have been or could be asserted against any of the Releasees in connection with or

relating directly or indirectly to any of the Operative Facts or any alleged statements about,

mischaracterizations of, or omissions concerning them, whether arising under any federal, state,

or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or

other forum, and such Claim arises out of or relates to the purchase or other acquisition of YRC

Securities, or to any other Investment Decision, during the Class Period; *provided, however*, that the term "Released Class Claims" does not include (and will not release or impair) (*i*) any shareholder derivative action, including without limitation the claims asserted in *Bhandari v. Carty*, No. 2021-0090 (Del. Ch.), or (*ii*) any claims to enforce this Settlement Agreement.

"**Released Releasees' Claims**" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee, including Defendants and their successors and assigns, or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, against Lead Plaintiffs, any other Class Members, or any of their respective attorneys (including, without limitation, Plaintiffs' Counsel), including their successors and assigns, or his, her, its, or their respective estates, heirs, executors, agents, attorneys (including in-house counsel and outside counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

"**Releasee**" means each and every one of, and "Releasees" means all of, (*i*) YRC, (*ii*) YRC Affiliates, (*iii*) each of YRC's and YRC Affiliates' current and former officers (including Messrs. Welch, Pierson, and Hawkins and Ms. Fisher), directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance

carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers and any entities in which YRC or any YRC Affiliate has or had a Controlling Interest or that has or had a Controlling Interest in YRC or any YRC Affiliate, and (*iv*) for each of the foregoing Releasees, (*y*) to the extent the Releasee is an entity, each of its current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities in which any Releasee has or had a Controlling Interest or that has or had a Controlling Interest in the Releasee and (*z*) to the extent the Releasee is an individual, each of his or her Family Members, estates, heirs, executors, beneficiaries, trusts, trustees, agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, assignees, representatives, partners, successors-in-interest, insurance carriers, and reinsurers

"**Releasor**" means each and every one of, and "Releasors" means all of, (*i*) Lead Plaintiffs, (*ii*) all other Class Members, and (*iii*) for each of the foregoing Releasors, their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, *provided* that Releasors shall not include any YRC shareholder to the extent that such person or entity seeks to assert a derivative claim on behalf of YRC.

"**YRC Affiliate**" means any Affiliate, holding company, or subsidiary of YRC, and any other person or entity affiliated with YRC through direct or indirect ownership of YRC shares.

"**YRC Securities**" means publicly traded securities issued by YRC.