**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,** | No. 1:19-cv-00001-GTS-ATB |
| **Plaintiff,** | |
| **v.** | |
| **YRC WORLDWIDE INC.,** *et al.*, | |
| **Defendants.** | |

## JUDGMENT

Consistent with the terms of the Order Approving Class-Action Settlement entered on September 9, 2021 (the "Approval Order), the settlement of this class action on the terms set forth in the parties' Stipulation of Settlement dated as of April 12, 2021, including all exhibits (collectively, the "Settlement Agreement"), is approved as fair, reasonable, and adequate, and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other applicable law, and in the best interests of the Class Members.  Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as in the Settlement Agreement.

1.      The Court finally certifies the following Class for settlement purposes pursuant to Fed. R. Civ. P. 23:  all persons and entities who purchased or otherwise acquired YRC Securities during the period from March 10, 2014 through December 14, 2018, and who were damaged thereby.  Excluded from the Class are:

a.      such persons or entities who submitted valid and timely requests for exclusion from the Class;

b.       such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.       YRC and (*i*) all officers and directors of YRC during the Class Period (including James L. Welch, Jamie G. Pierson, Stephanie D. Fisher, and Darren D. Hawkins), (*ii*) YRC's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which YRC or any individual identified in subpart (*i*) has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

2.       The Postcard Notice, Long-Form Notice, Claim Form, Summary Notice, and notice methodology implemented pursuant to the Court's Preliminary Approval Order entered April 19, 2021 (ECF No. 98) (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed Settlement, and their right to exclude themselves from the Class, and Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

3.       The claims in the Action are dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Approval Order, without costs to any party except as provided therein.

4.     The release, permanent injunction, PSLRA Contribution Bar, and Complete Bar as set out in the Approval Order shall be effective as to all persons and entities identified in them.

5.     Without affecting the extent to which this Judgment and the Approval Order are final for purposes of any appeals, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Judgment, and the Approval Order, and for any other reasonably necessary purposes.

6.     JUDGMENT in this Action is hereby entered in accordance with Federal Rule of Civil Procedure 58 this 9th day of September, 2021.  The Clerk of Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

_____
Glenn T. Suddaby
Chief U.S. District Judge

3

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.