**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHRISTINA LEWIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>YRC WORLDWIDE INC., JAMES L. WELCH, JAMIE G. PIERSON, STEPHANIE D. FISHER, and DARREN D. HAWKINS,<br><br>Defendants. | No.: 1:19-cv-00001-GTS-ATB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER DESIGNATING *CY PRES* RECIPIENT**

Lead Counsel respectfully submits this memorandum of law in support of Lead Plaintiffs' Motion for an Order contributing the remaining $818.61 in the Settlement Fund in this securities fraud class action to the Investor Protection Trust. *See* Wernke Decl. Ex. 1 at 1. This organization has been the recipient of many *cy pres* awards in the past. Further distribution would not be cost effective. Accordingly, Lead Plaintiffs' respectfully request the Court grant this motion.

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

Briefly, by Order dated September 8, 2021, the Court granted final approval of the settlement of this action. ECF No. 104. By order dated May 5, 2022, the Court approved distribution of the Settlement Fund to claimants deemed eligible by the court appointed Claims Administrator, A.B. Data. ECF No. 115.

A.B. Data has advised Lead Counsel that all but the remaining amount had been distributed, and that further efforts to distribute to claimants pro rata would not be cost effective.

For the reasons set forth below, Lead Counsel respectfully requests that the Court issue an order authorizing and directing a *cy pres* distribution of the remaining balance of the Settlement Fund, $3,788.37, to the Investor Protection Trust.

## II.     THE COURT SHOULD AUTHORIZE DONATION OF THE RESIDUAL FUNDS TO THE INVESTOR PROTECTION TRUST

When determining whether to authorize a *cy pres* distribution, two elements must be met: (i) further distribution to class members must not be feasible, and (ii) the *cy pres* recipient must have some relationship to the class. *In re Citigroup Inc. Sec. Litig*., 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016). Here, both factors are met.

With respect to the first factor, on February 2, 2023, A.B. Data advised Lead Counsel that all but the remaining amount had been distributed, and that further efforts to distribute to claimants pro rata would not be cost effective. Lead Counsel believes that it would be more efficient to donate the residual funds to the Investor Protection Trust. Accordingly, a *cy pres* distribution would maximize the value of the remaining Settlement Fund by donating the proceeds and avoiding the inefficiencies of a further distribution attempt.

With respect to the second factor, allocation of these funds to the Investor Protection Trust would be consistent with efforts to protect and promote the interests of class members in this case, as well as investors generally. Investor Protection Trust is a nonprofit organization devoted to independent and unbiased investor education, research, and support of investor protection efforts. *See* https://investorprotection.org/. Since 1993, the Investor Protection Trust has worked at the state and national level to provide independent and objective investor education to enable the public to make informed investment decisions. This is related to both the injuries Lead Plaintiffs suffered and the objectives of the underlying statutes on which Lead Plaintiffs base their claims. Moreover, Investor Protection Trust functions under the direction of a Board of Trustees which is composed of various State Securities Regulators. Additionally, courts in this circuit have approved of Investor Protection Trust as a *cy pres* recipient in securities fraud class actions, such as this. *In re Patriot Nat'l, Inc. Sec. Litig.*, No. 1:17-CV-01866-ER, 2021 WL 1040462, at *1 (S.D.N.Y. Mar. 18, 2021) (approving Investor Protection Trust as the *cy pres* beneficiary in a securities class action settlement); *Wilson v. LSB Indus.*, Inc., No. 1:15-CV-07614-RA-GWG, 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020) (same).

## III.    CONCLUSION

For the reasons stated above, Lead Counsel respectfully request that this Court enter an Order contributing the remaining $818.61 in the Settlement Fund in this securities fraud class action to the Investor Protection Trust.


Dated: April 7, 2023

> Respectfully submitted,
> **POMERANTZ LLP**
>
> */s/ Michael J. Wernke*
> Jeremy A. Lieberman
> Michael J. Wernke
> 600 Third Avenue
> New York, New York 10016
> Telephone: (212) 661-1100

Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Counsel for Peter Szabo and Co-Lead
Counsel for the Settlement Class*

**KAPLAN FOX & KILSHEIMER LLP**
Donald R. Hall
Jeffrey P. Campisi
(Bar Roll Number: 700753)
Jason A. Uris
860 Third Ave, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
dhall@kaplanfox.com
jcampisi@kaplanfox.com
juris@kaplanfox.com

*Co-Lead Counsel for Lead Plaintiff City of
Warwick Retirement Board and Co-Lead
Counsel for the Settlement Class*

**BOND SCHOENECK & KING, PLLC**
Jonathan B. Fellows
George H. Lowe
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
jfellows@bsk.com
glowe@bsk.com

*Local Counsel for Lead Plaintiffs and the
Settlement Class*

4